137 So.2d 761

Dewey **ALLISON**

v.

**STATE** of Alabama.

**6 Div. 811.**

Supreme Court of Alabama.

Feb. 1, 1962.

Dewey Allison, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

COLEMAN, Justice.

This is a petition seeking to review an order of the circuit court denying relief to petitioner on his application to that court for writ of error coram nobis.

In his application to the circuit court, petitioner sought to review his prior conviction for murder in the first degree.

The petition filed in this court shows that petitioner was convicted and sentenced on May 26, 1960. It recites in pertinent part as follows:

"The sentence was imposed on or about May 26, 1960. Being a state prisoner of the State of Alabama, not versed in the ways of the laws, having only a Fourth grade education. The time for filing an appeal to this Honorable Court expired, so no appeal was taken.

"On July 14th, 1961, petitioner did file a Writ of Error Coram Nobis, in the Circuit Court of Walker County, Alabama, on October 5th, 1961, a hear-

ing was had on said Writ of Error Coram Nobis, and was denied."

Attached to the petition is a copy of the judgment of the circuit court denying the petition for coram nobis presented to that court. The judgment of the circuit court shows that this petitioner on his trial for murder in the first degree was represented by competent counsel and afforded every right to which the law entitled him. The order further shows that competent counsel was appointed to represent petitioner on the hearing in the circuit court on his petition for coram nobis.

 We are unable to find from anything that is now before us that petitioner has been denied any constitutional right. We are of opinion that he was afforded due process, notice of the charges against him, confrontation by and cross-examination of witnesses, and representation by counsel.

Petitioner states in his petition presented to us that perjured testimony was used by the prosecution to bring about his conviction. There are statements in his petition by which petitioner implies that the State knowngly used perjured testimony on his main trial. This assertion is not supported by what is before us. The circuit court, after an extensive hearing, found to the contrary.

Petitioner complains that, on the hearing of his petition for coram nobis in the circuit court, he was denied a transcript of the testimony taken on his main trial more than a year before he filed the petition for coram nobis. By Act No. 62, approved September 15, 1961, the legislature provided for furnishing transcripts on appeal from a judgment of conviction. Neither in that act nor anywhere else, so far as we are advised, is there provision for furnishing a transcript of evidence, not on appeal, but on a post-appeal review of conviction for murder. Ex parte Carmack, Ala.App., 133 So.2d 891.

His petition shows that petitioner did not attempt to appeal from his conviction. He does not assert that he did. The judgment now under attack recites " * * the petitioner having waived his right of appeal * * *." The writ of error coram nobis is not intended to relieve a party from his own negligence. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659. We do not think the writ is intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired. The circuit court did not err in failing to furnish transcript of evidence.

On this record petitioner is not entitled to relief by a writ of error coram nobis. We are of opinion that petitioner has failed to show that the circuit court erred in denying the writ.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.