145 So.2d 846

**Ex Parte Dewey ALLISON.**

**In Re Dewey ALLISON**

**v.**

**STATE of Alabama.**

**Dewey ALLISON**

**v.**

**Martin J. WIMAN, Warden.**

3 Div. 19, 20.

Supreme Court of Alabama.

Oct. 18, 1962.

Certiorari Denied Dec. 10, 1962.
See 83 S.Ct. 310.

Dewey Allison, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

These cases were ordered consolidated. There is no merit in either of the cases, as we will show.

### 3 Div. 20

This case is an appeal from a habeas corpus proceeding before the Honorable Eugene Carter, Circuit Judge of Montgomery County, wherein he denied the petition. His judgment shows, as does the record, that appellant was duly convicted in the Circuit Court of Walker County, which court had jurisdiction of the subject matter and that no grounds for discharge were presented at the hearing. Suffice it to say that our statement in Griffin v. State, 258 Ala. 557, 558, 63 So.2d 682, is dispositive of the appeal and requires an affirmance of the case. We there noted:

"Without question it appears that the proceedings and conviction under which the petitioner is held are of a court of competent jurisdiction and are regular on their face. Accordingly it is not allowable to impeach the court's jurisdiction by parol testimony. In order to impeach such proceedings on habeas corpus, invalidity must appear on the face of the proceedings. Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683."

### 3 Div. 19

This case is a petition for Writ of Certiorari to the Circuit Court of Montgomery County to require us to consider the same case on such petition. The Attorney General has moved to dismiss or strike the petition for writ of certiorari because Judge Carter had already ruled on the same matters on the petition for habeas corpus in 3 Div. 20, supra, and denied it. The motion to strike is well taken. Ex parte Jordan, 41 Ala. 590, 143 So.2d 670(3).

The Decision in 3 Div. 20 is Affirmed, and the Petition in 3 Div. 19 is Ordered to be Stricken.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.