**Dewey ALLISON, Petitioner,**
v.
**William C. HOLMAN, Warden, Kilby Prison, Montgomery, Alabama, Respondent.**
**Civ. A. No. 1911–N.**

United States District Court
M. D. Alabama, N. D.
March 29, 1963.

Ralph Smith, Montgomery, Ala., for petitioner Dewey Allison.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., of Alabama, Montgomery, Ala., for respondent.

JOHNSON, District Judge.

The petitioner, Dewey Allison, on or about January 4, 1963, presented to this Court an application seeking leave of this Court to file and proceed in forma pauperis upon an application for writ of habeas corpus. Upon consideration thereof, this Court on January 4, 1963, ordered and directed that William C. Holman, Warden of Kilby Prison, Montgomery, Alabama—the institution where petitioner Allison is presently being incarcerated—appear and show cause why this Court should not order and authorize the filing of Allison's petition for writ of habeas corpus in forma pauperis. Subsequently, this Court, at the request of Allison and upon a proper showing, appointed the Honorable Ralph Smith, Attorney at Law, Montgomery, Alabama, as counsel to represent Dewey Allison in this matter. As ordered and directed by this Court's order, William C. Holman, as Warden of Kilby Prison, Montgomery, Alabama, through the Attorney General for the State of Alabama, made a return and answer on February 15, 1963, to petitioner Allison's proposed petition for writ of habeas corpus. Subsequently, this Court ordered and directed that the writ of habeas corpus tendered by petitioner Allison be filed with the Clerk of this Court in forma pauperis without the prepayment of fees and costs.

Upon this submission, it appears that petitioner Allison was arrested in December 1959 on a warrant issued in Walker County, Alabama, for the offense of murder in the first degree. In the January 1960 term of Circuit Court in Walker County, Alabama, the grand jury convening in said county returned an indictment charging Allison with the first degree murder of Mrs. Laura Blake. On March 1, 1960, Attorneys James L. Beech, Jr., and Hoyt M. Elliott were appointed to represent petitioner Allison. Following the appointment of these two attorneys, the petitioner was arraigned and the case was set for trial for the March 1960 term to be held in Walker County, Alabama. Upon application made by Allison's counsel, the case was continued for trial from the March 1960 term to the May 1960 term. Following a jury trial, which lasted approximately four days,

Allison was found guilty of murder in the first degree and his punishment was fixed at life imprisonment in the penitentiary. Petitioner Allison did not take a direct appeal from this conviction. It further appears from the records now presented to this Court that in June 1962, petitioner Allison filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, and, after a full hearing thereon, said petition was denied. The denial of this petition was appealed to the Supreme Court of Alabama, which Court rendered an opinion affirming the action taken upon the petition for writ of habeas corpus by the Circuit Court of Montgomery County, Alabama. Allison v. Wiman, Warden, etc., 145 So.2d 846. From the action of the Supreme Court of Alabama, Allison petitioned for writ of certiorari in the Supreme Court of the United States. That Court, in a case styled Allison v. Wiman, Warden, 371 U.S. 936, 83 S.Ct. 310, 9 L. Ed.2d 272, denied on December 10, 1952, Allison's petition for writ of certiorari, without opinion.

Prior to Allison's habeas corpus proceedings in the State court of Montgomery, Alabama, and the various appellate courts just referred to, Allison filed a petition for writ of error coram nobis in the Circuit Court of Walker County, Alabama. This petition was dated July 14, 1961 and set forth, for all practical purposes, the several grounds Allison now seeks to raise in support of the petition for writ of habeas corpus presently pending before this Court. During the course of the proceedings on his petition for writ of error coram nobis, State Circuit Judge Alton M. Blanton in September 1961, at Allison's request, appointed Attorneys-at-Law Harvey S. Jackson, Jr., and Thomas D. Bevill to assist Allison in his coram nobis proceeding. Subsequently, the Circuit Court of Walker County, Alabama, conducted a full and complete hearing on the matters raised by Allison in his writ of error coram nobis. As stated above, for all practical purposes, these are the same matters now presented to this Court. Following the coram nobis proceeding in the Circuit Court of Walker County, Alabama, the trial court entered full and complete findings of fact and conclusions of law. These findings and conclusions, together with other pertinent documents incident to this case, have been filed with this Court. From an adverse ruling in the Circuit Court of Walker County to his coram nobis proceeding, Allison applied to the Supreme Court of Alabama for writ of certiorari. The action of the Circuit Court of Walker County, Alabama, was reviewed and affirmed by the Alabama Supreme Court, the opinion being reported in Allison v. Alabama, 273 Ala. 223, 137 So.2d 761. Allison subsequently applied to the Supreme Court of the United States for certiorari and that Court in Allison v. Alabama, 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15, denied his petition, without opinion.

■ The question now presented in this proceeding relates to a state prisoner's right to a plenary hearing on his habeas corpus petition, notwithstanding prior determinations of substantially identical issues by the state courts, both by hearing conducted, involving the taking of testimony, and on review to the appellate courts of the action taken by the trial court upon said hearing. From an examination of the pleadings, documents and briefs now submitted in this matter, this Court specifically finds and concludes that all of the matters, namely, the knowing use of perjured testimony, the use of coerced confession, the denial of an opportunity to call witnesses, and inadequacy of counsel, that are now presented to this Court in this habeas corpus petition, were fully and fairly presented and considered in petitioner's State court coram nobis proceeding. The evidence now before this Court reflects that upon petitioner's original trial, for which he was convicted and is presently incarcerated, he was fully and fairly represented by competent court-appointed counsel James L. Beech, Jr., and Hoyt M. Elliott. Further, the evidence reflects that the two attorneys who were appointed to represent him upon his coram nobis proceeding, Harvey S. Jackson, Jr., and Thomas

D. Bevill, are competent and represented Allison upon this proceeding fairly and adequately. All four of these attorneys are experienced and they represented petitioner Allison in a manner as to reflect credit upon themselves and their profession.

This Court further specifically finds and concludes that the hearing by the State court upon Allison's coram nobis petition was without vital flaw. As a matter of fact, the records now presented to this Court reflect that a full, fair and impartial judicial inquiry was held, which involved the taking of testimony over a period of several days. The order and judgment by the Honorable Alton M. Blanton, Circuit Judge, Fourteenth Judicial Circuit, State of Alabama, which was made and entered on the 5th day of October, 1961, reflects that the State of Alabama has given full and fair consideration to each and every issue Allison now seeks to raise by his petition for writ of habeas corpus in this Court.

 The statutory authority for habeas corpus in federal court as set out in Title 28, § 2241, United States Code, is limited by § 2254 of the same title. This limitation as dealt with in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572, makes it inappropriate where the petitioner is a state prisoner, for an application for writ of habeas corpus to be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is an absence of available state corrective processes. These statutory provisions considered alone are not decisive of the proposition concerning a state prisoner's right to a plenary hearing on his habeas corpus petition where there have been prior determinations of substantially identical issues by the state courts. However, the proposition now presented to this Court in this case has been adequately and fully dealt with by the Supreme Court of the United States in

Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, in Thomas v. Arizona, 1958, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863, and very recently in Townsend v. Sain, 83 S.Ct. 745.[1] Until Townsend v. Sain, the leading case on this point was Brown v. Allen. In the Brown case there were petitions by three state prisoners to a federal district court, where, on the record before the court and without a hearing, the district court denied the petitions; the appellate court affirmed the denials; the cases were consolidated, and Mr. Justice Reed, speaking for the majority of the Supreme Court, stated:

"Applications to district courts on grounds determined adversely to the applicant by state courts should follow the same principle [refusal to consider a second application of habeas corpus as provided for in 28 U.S.C.A. § 2244, Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989 (1924)]—a refusal of the writ without more, if the court is satisfied, by the record, that the state process has given fair consideration to the issues and the offered evidence, and has resulted in a satisfactory conclusion. Where the record of the application affords an adequate opportunity to weigh the sufficiency of the allegations and the evidence, and no unusual circumstances calling for a hearing are presented, a repetition of the trial is not required. * * * However, a trial may be had in the discretion of the federal court or judge hearing the new application. * * * Although they have the power, it is not necessary for federal courts to hold hearings on the merits, facts or law a second time when satisfied that federal constitutional rights have been protected. It is necessary to exercise jurisdiction to the extent of determining by examination of the rec-

---

1. See also Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361; United States ex rel. Jennings v. Ragen,

358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296.

ord whether or not a hearing would serve the ends of justice. * * *

As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, *we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies.* See White v. Ragen, 324 U.S. 760, 764 [65 S.Ct. 978, 89 L.Ed. 1348]." (Footnotes omitted, emphasis added.)

The Fifth Circuit Court of Appeals in Stickney v. Ellis, 286 F.2d 755, 1961, cert. denied 365 U.S. 888, 81 S.Ct. 1041, 6 L.Ed.2d 198, rehearing denied 366 U.S. 933, 81 S.Ct. 1653, 6 L.Ed.2d 392, in dealing with the question now before this Court, cited Brown v. Allen, supra, and applied the "vital flaw" test as applied in Brown v. Allen and also in Rogers v. Richmond, supra, stating:

> "If a habeas corpus court can accept and rely on the determination of the underlying fact issues relating to the voluntariness of a confession, as we think it can, Brown v. Allen, supra, it would be unthinkable if such right of reliance could be destroyed by the withholding of available evidence on the trial and its subsequent production for the first time on the habeas corpus hearing. We think, therefore, that the habeas corpus court had a right to give the finding of the state trial judge exactly the same weight and had the same right to accept it as if all of the matters now presented for the first time had been testified to on the trial and had been resolved against the appellant. This is so because no reason is assigned for the failure of appellant to put into the scales all he had to weigh them in his favor when the

state court was passing on this very issue.

> "This record discloses no 'vital flaw' in the state court proceedings. * * * "

> * * * * * *
> "We conclude that the trial judge followed a permissible course of action when he accepted the determination of the state court on the fact issue of voluntariness in the absence of any 'vital flaw' in such proceedings. His refusal to hold a de novo hearing on the same issue was not error, nor did he err in finding that the undisputed facts did not warrant a holding that Stickney had been deprived of his constitutional rights as a matter of law."

Townsend v. Sain, clarifying the test of Brown v. Allen, makes it even clearer that Allison is not entitled to an evidentiary hearing in this Court.

While it is true the facts in this case, as raised in the State coram nobis proceeding, are to some extent in dispute, it is also true that the state court trier of the facts held a full hearing, and the findings and conclusions reflect that the merits of petitioner Allison's contentions were fully reached and fairly resolved in express findings and conclusions.

In conclusion, this Court finds and holds that insofar as the matters now complained of to this Court by petitioner Allison, the courts of the State of Alabama have conducted full and impartial hearings squarely into the merits of said application. This Court further concludes that petitioner Allison upon his original trial and also upon his coram nobis proceeding, was diligently represented by able and experienced counsel. The entire record in this case as it concerns the handling of the matter by the State courts, reflects an awareness on the part of the State judicial officers of the constitutional requirement that imposes upon them the same responsibilities to protect persons from violations of their constitutional rights as are imposed upon

federal judges. . Under the facts of this case, this Court elects not to entertain and conduct a hearing on petitioner Allison's application for habeas corpus upon the ground that .the legality of his detention—insofar as the issues now presented are concerned—has been determined adequately and fairly by the courts of the State of Alabama. This Court is satisfied by the record now presented that the State processes have given fair consideration to the issues and the evidence offered and these processes have resulted in a fair and satisfactory conclusion in this case.

In accordance with the foregoing and for good cause, it is therefore the Order, Judgment and Decree of this Court that the petition of Dewey Allison for writ of habeas corpus filed in this Court in forma pauperis by leave of this Court, be and the same is hereby denied. It is further Ordered that this cause be and the same is hereby dismissed.