160 So.2d 625

**Willie D. BYRD**

v.

**The STATE of Alabama.**

**2 Div. 442.**

Supreme Court of Alabama.

Feb. 6, 1964.

Willie D. Byrd, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant, Willie D. Byrd, filed in the circuit court of Choctaw County a peti-

tion for a writ of error coram nobis. The trial court, after an oral hearing, rendered judgment denying the writ and dismissing the petition. This appeal is from that judgment. Ex parte Keene, 275 Ala. 197, 153 So.2d 631.

■ The appeal is on the record proper, and does not contain a transcript of the evidence taken on the hearing. However, the trial court, in denying coram nobis, detailed in narrative form the testimony of the witnesses. Such narrative is included in the record and is sufficient for our review of the judgment denying the writ. See: Allison v. State, 273 Ala. 223, 224, 137 So. 2d 761, cert. den. 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15; Allison v. Holman, 1963, 5th Cir., 326 F.2d 294.

The trial court's statement and findings preliminary to its judgment adequately state appellant's contentions, as well as the testimony of the witnesses, viz:

" * * * [T]he court further ordered the petitioner brought back to Choctaw County before the hearing in order that he could confer with his court-appointed lawyer, Honorable J. Massey Edgar.

"In the petition for writ of error coram nobis, the petitioner advised the court that he was without counsel, and without means of paying counsel, and the court appointed the Honorable J. Massey Edgar, of the Choctaw County Bar, an able and experienced trial lawyer, to represent the petitioner, without compensation from any source whatsoever, and at the hearing of the above petition on the above appointed date, the petitioner advised the court that he had had an opportunity to confer with his attorney.

"The court inquired if petitioner desired to have any witnesses brought to the court in his behalf, and was advised by the petitioner and his counsel that they had already issued subpoenas for his witnesses, and that approximately eight witnesses had been trans-ferred to the county by the state, and that they were present, and some several other witnesses answered when their names were called by the Circuit Clerk of Choctaw County, Alabama, and they did not desire to call any additional witnesses.

"The cause was heard in open court upon the testimony of petitioner, Willie D. Byrd, David Todd, William Z. White, Henry Barlow, all inmates of Kilby Prison, and Arthur Byrd, Mac C. Byrd, Mrs. Lula Jowers, and Eunice Odom, immediate members of the petitioner's family. The petitioner offered testimony to prove his petition in its entirety; the first being that the crime for which he was convicted was committed in Mississippi; and the second being that he was never given a trial; and the third that he did not enter a plea of guilty to a charge of murder, first degree, in the Circuit Court of Choctaw County, Alabama, during the Spring Term of Court, 1957.

"David Todd, William Z. White, and Henry Barlow, fellow inmates of the Petitioner, testified that they were present near Meridian, Mississippi, on the night of November 2, 1956, when the petitioner and the deceased party, James Douglas Seamans, were present and that they saw a difficulty between the petitioner, James Douglas Seamans, and an unidentified third party, and that they saw this third man kill Douglas Seamans. They testified that they did not tell anyone about being present until approximately four months ago and while in prison with the petitioner they told him. They all testified that they had formerly known the petitioner in different parts of the state.

"The petitioner, Willie D. Byrd, testified that James Douglas Seamans was killed in Mississippi, and he testified that he never did confess or admit to any state officers that it happened in Choctaw County, Alabama. He fur-

ther testified that he did not do it and that he was never tried for murder in Choctaw County, Alabama, and did not enter a plea of guilty and that there was no jury of twelve men who rendered the sentence against him. He testified that the presiding judge told him that his sentence was fixed and that he was sending him to a medical hospital to be taken care of, and that he did no [sic] authorize his attorney, Mr. Joe Thompson, whom he employed to defend him, to enter any plea for him.

"Arthur Byrd, Mac C. Byrd, Lula Jowers, and Eunice Odom, brother, father, and sisters of the petitioner, who were witnesses for petitioner, testified that they were present in court during the Spring Term, 1957, when the petitioner was tried, and that they were present during conferences between the petitioner and his attorney and other members of the family when they were trying to settle his case for life imprisonment, and that the petitioner was very anxious to settle his case and requested his attorney to try to settle the case and let him enter a guilty plea. They testified that they were present in court when the jury was drawn and heard the attorneys make statements to the jury and were present when the verdict was brought back in by the jury and heard it read to petitioner and heard the judge ask the petitioner if he had anything to say why the sentence of the law should not be passed upon him, and he failed to say anything.

"The State of Alabama called State Investigator, Oscar Coley, and Connie F. Littlepage, who was sheriff of Choctaw County during the years 1956 and 1957, and these two witnesses testified that they worked together on the case and that the petitioner admitted to them on December 6, 1956, that he killed James Douglas Seamans in Choctaw County, Alabama, and carried them to the spot where he killed him and then to where he hid his body and then to where he hid some of his personal effects, then to where he hid the clothes, and that he then admitted dismantling the automobile. They testified that the place where petitioner carried them was in Choctaw County, Alabama, and that he never claimed to have killed the deceased in Mississippi, and that they investigated a place in Mississippi, where petitioner now claims this happened, and that they found that petitioner left there headed back to Alabama.

"Mr. Fred N. Bruister, who was Circuit Clerk of Choctaw County during the years of 1956 and 1957, and Mr. James A. Christopher, who succeeded Mr. Bruister as clerk, both testified that the records were prepared by Mr. Bruister and that the records are in the same condition as they were when prepared and when turned over to Mr. Christopher, and the Minutes of the Court and all Bench Notes were introduced into evidence showing that petitioner was properly arraigned a date set for his trial, a jury was drawn with a special venire, and that on the date of his trial he changed his original plea of not guilty and not guilty by reason of insanity, to guilty of murder in the first degree, and that he was found guilty and properly sentenced by the court.

"Honorable Joe M. Pelham, Jr., retired Circuit Judge, who presided at the petitioner's trial, testified that the bench notes were in his handwriting and that he presided at the petitioner's trial, and that the petitioner did enter a plea of guilty on said day, and that a jury found him guilty and that he sentenced him according to law; that Mr. Joe Thompson, an able, experienced trial lawyer, defended Mr. Byrd at the arraignment and at the trial.

"The court finds that the contentions of the petitioner are as follows:

"1. That the crime of murder in the first degree occurred in the State of Mississippi. The court finds that the petitioner's contentions are untrue and that the crime did occur in the State of Alabama, in Choctaw County near Butler, and not in Mississippi.

'2. The court finds that the contention that petitioner did not admit nor confess to the officers that he killed James Douglas Seamans in Choctaw County, Alabama, is without merit. The court finds from the records and testimony heard in this hearing that the crime was definitely committed in Choctaw County, Alabama.

"3. The court finds further that the petitioner's contention that he did not enter a plea of guilty at the trial of his case is without merit. The court finds that he did enter a plea of guilty and that he was very much pleased with the sentence he received, and that he and his attorney were very active in trying to reach this settlement, and the petitioner's witnesses testified that he was glad to get the settlement and that they helped him in the defense of his case and that they were present when the petitioner expressed his desire to plead guilty and told them he wanted to do so, and that they heard him in open court plead guilty to murder in the first degree.

"The court further finds that the petitioner wholly failed to present any valid evidence whatsoever to prove his contentions as set out in his petition."

■ We find no error in the trial court's denial of the writ. In this connection, we quote the following timely comments from Allison v. Holman, supra, viz:

"* * * Most prisoners, no doubt, think that their punishment is too harsh, and innocence is often maintained in total disregard of the facts. The guilty are entitled to just as fair, patient, proper and orderly trial as are the innocent. Once fairly tried and convicted, prisoners should not be allowed to crowd the courts with continuous, repetitious and frivolous hearings to the extent that such proceedings become the chief business of the Judiciary. There are other cases to be considered, and other rights and liberties to be protected."

The judgment appealed from is due to be affirmed.

Affirmed.

All the Justices concur.