**Dewey ALLISON, Appellant,**

v.

**William C. HOLMAN, Warden, Kilby Prison, Montgomery, Alabama, Appellee.**

**No. 20535.**

United States Court of Appeals Fifth Circuit.

Dec. 18, 1963.

Certiorari Denied March 23, 1964. See 84 S.Ct. 979.

Ralph Smith, Montgomery, Ala., for appellant.

Richmond M. Flowers, Atty. Gen., State of Ala., John C. Tyson, III, Asst. Atty. Gen., State of Ala., Montgomery, Ala., for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

Dewey Allison, a state prisoner, appeals from an order of the U. S. District Court for the Middle District of Alabama denying his petition for a writ of habeas corpus, Allison v. Holman, D.C., 216 F. Supp. 69 (1963). In this proceeding as well as in state court post conviction proceedings, the grounds upon which petitioner Allison seeks relief may be summarized as follows: (1) the knowing use of perjured testimony by the State of Alabama; (2) the use by the State of a coerced confession; (3) the denial of an opportunity to call witnesses for his defense; and (4) the inadequacy of counsel.

· The well-written opinion of the trial judge fully develops the chronology of events which form the background of this case. It is unnecessary to restate such chronology; suffice it to say that the defendant has been accorded the attention of both trial and appellate courts almost continuously since the day of his arrest on December 21, 1959, under a warrant charging him with first degree murder. To summarize: soon after indictment, two competent defense attorneys were appointed to represent the defendant. Such attorneys were given ample time to prepare the case and there was a trial lasting four days which resulted in a verdict of guilty and the defendant was sentenced to life imprisonment. There was no direct appeal. Allison was accorded a full and complete hearing in state habeas corpus proceedings and the

decision denying his petition in the state court was reviewed by the Alabama Supreme Court, Allison v. Wiman, 274 Ala. 150, 145 So.2d 846 (1962), and Certiorari was denied by the Supreme Court, Allison v. Wiman, 1963, 371 U.S. 936, 83 S.Ct. 310, 9 L.Ed.2d 272. Prior to the state habeas corpus proceeding, a petition for writ of error coram nobis was filed in the trial court in Walker County, Alabama, where the prosecution first commenced. Competent counsel were appointed to represent the defendant on the coram nobis hearing, and a full, complete and extended hearing was conducted by the state trial judge, which resulted in a denial of relief. The coram nobis proceedings were reviewed by the Alabama Supreme Court and the decision of the trial court was affirmed, Allison v. State of Alabama, 273 Ala. 223, 137 So.2d 761 (1962). Certiorari was denied by the United States Supreme Court, Allison v. State of Alabama, 1962, 369 U.S. 856, 82 S.Ct. 946, 8 L.Ed.2d 15. After all of the foregoing, the petition for writ of habeas corpus now under review was filed in the U. S. District Court making the same contentions and asserting the same grounds as were considered in the state habeas corpus and coram nobis proceedings.

■ Without question the record shows that the defendant was afforded competent counsel when first tried and convicted; at the state post conviction coram nobis hearing; and upon the hearing of his petition in the U. S. District Court. We cannot refrain from stating a fact found to be true by the trial court that the defendant was represented by competent counsel at the various proceedings involved in excellent fashion, fully sustaining the high ideals and standards of the legal profession. Such record of high standard representation by counsel for the petitioner has continued through the proceedings in this Court.

Counsel for Allison succinctly states the issues to be reviewed and decided on this appeal as follows: " * * * [T]he sole question presented for the court on appeal in this case is whether the District Court erred in declining to issue a writ of habeas corpus on the petition of the Appellant without a hearing." Otherwise stated, "But the question is how is the District Court going to know, as it is obligated to do, that a full, fair and impartial hearing into the merits of the Appellant's allegations in the State courts was conducted by such courts?" [1] Essentially, the appellant complains that the District Court should have conducted a plenary hearing, because his review was not " * * * based upon a sufficiently complete record of the trial proceedings"; and that there must be provided a "record of sufficient completeness * * * " before the District Court to justify a denial of such plenary hearing. See Draper v. Washington, 1962, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed. 2d 899.

■ In passing upon the sufficiency of the record of the state trial court's post conviction proceedings, we must follow the standard set forth by Mr. Justice Goldberg in the Draper case:

"Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances."

Guided by its conception of the principles laid down in Brown v. Allen, 1953,

1. Both quotations are from Appellant's brief.

344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Thomas v. Arizona, 1958, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863; and Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the trial court reached the following conclusions:

"From an examination of the pleadings, documents and briefs now submitted in this matter, this Court specifically finds and concludes that all of the matters, namely, the knowing use of perjured testimony, the use of coerced confession, the denial of an opportunity to call witnesses, and inadequacy of counsel, that are now presented to this Court in this habeas corpus petition, were fully and fairly presented and considered in petitioner's State court coram nobis proceeding. The evidence now before this Court reflects that upon petitioner's original trial, for which he was convicted and is presently incarcerated, he was fully and fairly represented by competent court-appointed counsel James L. Beech, Jr., and Hoyt M. Elliott. Further, the evidence reflects that the two attorneys who were appointed to represent him upon his coram nobis proceeding, Harvey S. Jackson, Jr., and Thomas D. Bevill, are competent and represented Allison upon this proceeding fairly and adequately. All four of these attorneys are experienced and they represented petitioner Allison in a manner as to reflect credit upon themselves and their profession.

"This Court further specifically finds and concludes that the hearing by the State Court upon Allison's coram nobis petition was without flaw. As a matter of fact, the records now presented to this Court reflect that a full, fair and impartial judicial inquiry was held, which involved the taking of testimony over a period of several days. The order and judgment by the Honorable Alton M. Blanton, Circuit Judge, Fourteenth Judicial Circuit, State of Alabama, which was made and entered on the 5th day of October, 1961, reflects that the State of Alabama has given full and fair consideration to each and every issue Allison now seeks to raise by his petition for writ of habeas corpus in this Court."

\* \* \* \*

"In conclusion, this Court finds and holds that insofar as the matters now complained of to this Court by petitioner Allison, the courts of the State of Alabama have conducted full and impartial hearings squarely into the merits of said application. This Court further concludes that petitioner Allison upon his original trial and also upon his coram nobis proceeding, was diligently represented by able and experienced counsel. The entire record in this case as it concerns the handling of the matter by the State courts, reflects an awareness on the part of the State judicial officers of the constitutional requirement that imposes upon them the same responsibilities to protect persons from violations of their constitutional rights as are imposed upon federal judges. Under the facts of this case, this Court elects not to entertain and conduct a hearing on petitioner Allison's application for habeas corpus upon the ground that the legality of his detention—insofar as the issues now presented are concerned—has been determined adequately and fairly by the courts of the State of Alabama. This Court is satisfied by the record now presented that the State processes have given fair consideration to the issues and the evidence offered and these processes have resulted in a fair and satisfactory conclusion in this case."

■■ The appellant asserts that he has no quarrel with the principles which guided the trial court, but he contends that the trial court did not have a sufficient record of the state court proceedings upon which to ground the conclusion reached by the trial judge. We disagree. The record before the U. S. Dis-

trict Court was sufficient upon which to ground the conclusion that the merits as to all factual disputes were adequately and properly resolved at the state hearing; that such determination is fairly supported by the record; the post conviction procedures in the state court were adequate and did afford a full and fair hearing; the material facts were fully developed; and it is apparent that the trier of the facts in the state court proceedings did afford the petitioner Allison a full and fair hearing. In our view it is unnecessary to detail the full contents of the record which was before the District Court, but we do agree with the following finding of the District Court that the record is sufficient:

> "Following the coram nobis proceeding in the Circuit Court of Walker County, Alabama, the trial court entered full and complete findings of fact and conclusions of law. These findings and conclusions, together with other pertinent documents incident to this case, have been filed with this Court."

The state trial judge in the coram nobis proceeding detailed in narrative form the testimony of the witnesses. The type of record necessary and required depends in great measure on the contentions made. The facts clearly revealed by the record under review eliminate all contentions made by the petitioner with reasonable certainty; and show that consideration was given to all of the petitioner's contentions. The record before us is not subject to the infirmity found to exist in Draper and about which Justice Goldberg concluded:

> "This summary constituted only the trial judge's conclusions about the operative facts, without any description whatsoever of the evidence upon which those conclusions were based."

■■ We emphasize the philosophy that it is the duty of all courts, regardless of how laborious, time consuming and troublesome the procedure may be, to vouchsafe the fact that innocent men are not punished; that truthful contentions are not overlooked; and that the

administration of justice where the liberty of human beings is concerned should be perfect, patient and merciful to the ultimate limitation of human capacity. With those ideals in mind, it is also true that even a criminal case should sometime reach a final conclusion. It is possible to so abuse the great and hallowed writ of habeas corpus that its effectiveness is destroyed for those who may be innocent. Most prisoners, no doubt, think that their punishment is too harsh, and innocence is often maintained in total disregard of the facts. The guilty are entitled to just as fair, patient, proper and orderly trial as are the innocent. Once fairly tried and convicted, prisoners should not be allowed to crowd the courts with continuous, repetitious and frivolous hearings to the extent that such proceedings become the chief business of the Judiciary. There are other cases to be considered, and other rights and liberties to be protected.

The judgment is affirmed.