**Willie B. GILES, Appellant,**

v.

**STATE OF ALABAMA, Appellee.**

**No. 24338.**

United States Court of Appeals Fifth Circuit.

Oct. 26, 1967.

Willie B. Giles pro se.

MacDonald Gallion, Atty. Gen., Leslie M. Hall, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before GEWIN, BELL and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of Alabama granting the motion of the State of Alabama to dismiss the petition of the appellant which sought a writ of habeas corpus. The petition was dismissed without prejudice and no costs were taxed.

From the record before us and from the inartfully drawn petitions of the appellant it appears he was convicted by a jury in the Circuit Court of Tallapoosa County, Alabama, of "carnal knowledge" and was sentenced to a term of 50 years. There was no appeal from that conviction.

Subsequently, he petitioned the Circuit Court of Tallapoosa County for a writ of error coram nobis which was denied by that court after an evidentiary hearing. No appeal was taken from the order entered on the coram nobis proceedings. Upon the trial at which the appellant was originally convicted he was represented by counsel and he was also represented by counsel in the state court coram nobis proceedings.

On February 17, 1965, the appellant filed in the United States District Court for the Southern District of Alabama a document which he styled a petition for writ of error coram nobis which was treated by the court as a petition for habeas corpus. Thereafter, on March 10, 1965, he filed a certain form required by the rules of the court for persons in state custody undertaking to set forth information required by the district court for consideration of petitions for writs of habeas corpus. Although the documents are far from clear, the petitioner claims that he was convicted on false and hearsay testimony; that the grand jury which indicted him was defective; that his court-appointed counsel was inadequate; that he was arrested without a warrant and that he is being unlawfully deprived of his liberty under a conviction "based on unconstitutional methods and proceedings". In the form required by the rules of the court the petitioner stated he did not appeal from the judgment of conviction or imposition of sentence; that he did not know he could appeal; that he was not guilty and that the person who preferred the charges against him, his wife, desired to withdraw the charges against him but that she was intimidated and was not allowed to do so; that he was not at the place where the crime was committed at the time it was alleged to have been committed; that he was beaten at the time of his arrest and that he was not informed of the reason for his arrest.

The State of Alabama filed a motion to dismiss the petitions or documents filed by the appellant alleging that the same were not sufficient to invoke the jurisdiction of the district court; that they alleged no grounds for relief; that petitioner had not exhausted his state remedies and that a petition for similar relief had been heard and disposed of by the Circuit Court of Tallapoosa County, Alabama, after a full evidentiary hearing at which the defendant was present and represented by counsel. The order of the Circuit Court of Tallapoosa County, Alabama, was attached to the motion to dismiss. This order is in the record.

The state court order and judgment recites the fact the petitioner himself was the only witness who testified. The court took note of the fact that the state objected to much of the testimony offered by the appellant but the state court overruled all objections and permitted the petitioner to testify to whatever he desired to say. Thereupon the court concluded that the petitioner failed to support any of his contentions and denied any relief. We do not suggest that the state court did not give the appellant a full, fair and complete hearing, but we have before us no definitive ruling by the United States District Court which relates to that question. Accordingly, we can not pass on that issue.

The United States District Court made no findings of fact and gave no reasons for the action taken. It simply entered an order granting the motion of the state to dismiss the petition. We make no insinuation whatever as to the merits of the petitioner's claims but we are unable to approve the action of the United States District Court in summarily dismissing the petition. We cannot determine the basis upon which the district court acted or the reasons for the dismissal.' From aught appearing, the United States District Court gave no consideration to the state court record of the coram nobis proceedings. It is not always necessary to have a plenary hearing upon the allegations of petitions of the kind now before us. Such a hearing is not necessary if a post-conviction remedy has been pursued in the state courts, if the petitioner has received a full hearing and if the United States District

Court is satisfied, by the record, that the state process has given fair consideration to the issues and the offered evidence and that such state court procedure has resulted in a satisfactory conclusion. But there must be some record before the United States District Court which affords an adequate opportunity to weigh the sufficiency of the allegations and the evidence in order for the district court to pass upon the issues presented. The record before us clearly demonstrates that the district court simply granted an order of dismissal. It is necessary, therefore, that the case be remanded to the district court for consideration in accordance with the teachings and principles laid down in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Thomas v. State of Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863 (1958); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); and Allison v. Holman, 326 F.2d 294 (5 Cir. 1963), affirming Allison v. Holman, D.C., 216 F. Supp. 69 (1963), cert. den. 375 U.S. 957, 84 S.Ct. 979, 11 L.Ed.2d 975 (1964). See also Federal Courts, Wright (1963) § 63, pp. 177, 183.

Reversed and remanded.