302 So.2d 575

**Guy Hue DOWNING**

v.

**STATE.**

**6 Div. 716.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Ralph C. Burroughs, Public Defender, Joel L. Sogol, Asst. Public Defender, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

TYSON, Judge.

This is an appeal from the denial of a petition for writ of error coram nobis.

The appellant had originally been indicted at the July, 1971, Term of the Grand Jury of Tuscaloosa County in seven cases, each charging burglary in the second degree. The record in this cause affirmatively reflects that the appellant was represented at arraignment on September 10, 1971, by the Honorable Jerre Campbell, now deceased, of the Tuscaloosa Bar. The cause was then set over for trial on October 7, 1971.

Following the testimony of Mr. C. W. "Turkey" Johnston, the owner of an insurance agency on University Boulevard in Tuscaloosa, who identified certain items found in the possession of the appellant on the evening of June 27, 1971, and who testified that his place of business had been broken into that same evening; and also the testimony of Officer John Haden, who testified that he and his fellow officer, Adams, had stopped the appellant about 1:30 a. m. on the morning of June 27, 1971, near the parking lot of the City National Bank of Tuscaloosa, where the appellant was holding a brown grocery bag, full of a number of items, together with several money bags, which the officers stated they recognized as being the type used for deposits by businesses in the Tuscaloosa area, the trial was recessed.

Following the recess, and after these two witnesses had been examined and cross-examined, the court permitted a short recess at the request of appellant's counsel. Then appellant and counsel returned to the courtroom and withdrew his not guilty pleas, and entered pleas of guilty to each of the seven burglary indictments, which, at the time the appellant acknowledged had been investigated by his attorney, and on such advice of counsel he plead guilty.

The trial court entered sentences of one year and one day in each case, the sentences to run concurrently in the last three cases. The appellant had averred in his petition for writ of error coram nobis that the police officers had violated his rights by an unlawful search and seizure of his home, that he was beaten at headquarters into giving a statement, and that his counsel did not have ample time to prepare a defense. These allegations are completely refuted by the transcript of the evidence of the original trial proceedings, and the record, including the original arraignment and the transcript of the coram nobis proceeding. This record affirmatively reflects that the appellant was stopped on the sidewalk in Tuscaloosa County, where the officers described his dress and movements as being suspicious for a person around 1:30 in the morning. Upon examination, the officers found that the appellant was wearing tennis shoes with a "ripple sole deck shoe type" that had been worn by a party who had committed three burglaries within the past four days, in the same general vicinity where the appellant was stopped. The officers recognized the money bags as belonging to local businesses, and upon investigation found that the insurance agency of Mr. C. W. "Turkey" Johnston had been in fact burglarized. Mr. Johnston came to headquarters around 3:00 in the morning and identified the items, including a claw hammer, crowbar, stationery, and scissors, postage stamps, and other office supplies, along with his "favorite fishing lure," which had been taken from his place of business. The officers read a "Miranda Card" warning to the appellant (the appellant admitted this on cross-examination at the coram nobis hearing), and following this, the appellant stated that he had broken into a building in that area that evening, "but did not know its name." Also, the appellant on cross-examination, admitted that his attorney had investigated each of the cases and that a number of witnesses had been subpoenaed to appear in his behalf at the time of the original trial. In response to the question, "Were you satisfied with Mr. Campbell as your attorney," the appellant replied, "I really was." [R. p. 109]

It is clear from thorough examination of this record that the appellant's allegations are frivolous and without foundation in law or fact; hence, the trial court correct-

ly denied the petition for writ of error coram nobis. Allison v. State, 273 Ala. 223, 137 So.2d 761.

The judgment of the trial court denying the petition is in all respects proper, and the same is due to be and is hereby

Affirmed.

All the Judges concur.