**O. B. ELLIS, General Manager, Texas Prison System, and State of Texas, Appellants,**

v.

**Merle Wayne ELLISOR, Appellee.**

No. 16216.

United States Court of Appeals Fifth Circuit.

Dec. 11, 1956.

Eugene Brady, Asst. Dist. Atty., Dan E. Walton, Dist. Atty., Houston, Tex., John A. Wild, Asst. Atty. Gen. of Texas, John Ben Sheppard, Atty. Gen., of Texas, of counsel, for appellant.

C. C. Chessher, Anahuac, Tex., Joe J. Newman, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

PER CURIAM.

The District Court granted a Writ of Habeas Corpus on application of the appellee. A full opinion of the Court recited the facts from which the proceeding arose in which are set forth its reasons for the issuance of the Writ. In re Ellisor's Petition, D.C., 140 F.Supp. 720. The appellee was convicted of murder in the Criminal District Court of Harris County, Texas. The verdict assessed the death penalty. The conviction was affirmed by the Court of Criminal Appeals of Texas. Ellisor v. State of Texas, 282 S.W.2d 393. After the mandate of the Appellate Court, the appellee was brought before the Trial Court for sentence. His counsel were not notified that the sentencing was to take place and were not present. They would have been present if they had been given notice. The death sentence was imposed.

Claiming a denial of due process of law because of being deprived of the presence of counsel, the Writ of Habeas Corpus was sought and granted. In the judgment of the District Court, it was provided:

" * * * the execution of the said Merle Wayne Ellisor by authorization of sentence heretofore pronounced upon him is and shall be stayed until he is legally sentenced; and * * * that the said Merle Wayne Ellisor be not released from custody at this time, and that he remain in custody of the proper officer of the State of Texas * * * to

await legal pronouncement of sentence * * *."

The District Judge thought and held that the appellee had a constitutional right to the benefit of counsel at his sentencing. We agree. The judgment below is

Affirmed.