**Billy Joe HOUSTON, Relator, Appellant,**

v.

**O. B. ELLIS, General Manager, Texas Prison System, Appellee.**

**No. 16663.**

United States Court of Appeals
Fifth Circuit.

Feb. 25, 1958.

Rehearing Denied April 14, 1958.

Preston Pope Reynolds, Dallas, Tex., for appellant.

B. H. Timmins, Jr., Linward Shivers, Asst. Attys., Gen. of Texas, Will Wilson, Atty. Gen. of Texas, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

■ Billy Joe Houston was convicted in a Texas Court of rape and sentenced to death. The judgment recited that Houston was brought into court, "his counsel also being present". He applied to the District Court for a writ of habeas corpus asserting that his attorneys were not present in court when sentence was imposed. Houston presented with his petition the affidavits of himself, his mother, an aunt and the wife of an uncle. These, he contends, show his counsel were not present when he was sentenced. By an order of January 11, 1957, the same day as that on which the petition was filed, the District Court entered an order directing the General Manager of the Texas Prison System to answer and show by what authority Houston was held, the name of the courts and the style of the cases in which judgments were entered. The order authorized Houston to reply to the answer. It provided that when pleadings clearly presenting the issues had been filed the court would determine and direct further procedures.

The General Manager of the Texas Prison System answered and, among other things, said that Houston's attorneys were present in court when he was sentenced. Among the exhibits attached to the answer is a copy of the sentence which recites that Houston "was brought into open court in person, * * * his counsel also being present". Another exhibit was the affidavit of the court-appointed counsel who represented Houston upon his trial who, in their affidavits, stated that they were present when the sentence was pronounced. To the answer Houston filed a reply again stating that his counsel were not present when he was sentenced notwithstanding the affidavits of counsel and the recital in the sentence. This was filed on March 26, 1957. On the following day the District Court entered an order. In it the court rejected the statements of Houston and those who made affidavits for him and accepted the statements in the affidavits of the attorneys and the recital in the sentence. The petition was found to be without merit. The court declined "either to grant the writ of habeas corpus or enter an order to show cause". For our decision is an appeal from the order of the District Court.

■ The Congress has provided that the court, entertaining an application for habeas corpus, shall grant the writ or issue an order to show cause unless it appears from the application that the applicant is not entitled thereto. 28 U.S. C.A. § 2243. In Ellis v. Ellisor, 5 Cir., 1956, 239 F.2d 175, this Court held that one convicted of murder had a constitutional right to the benefit of counsel at

his sentencing. The rule is, of course, applicable to one who has been convicted of rape. With the contention being made that his counsel were not present when he was sentenced it cannot be said that Houston's application showed that he was not entitled to the writ. Although the court, in its order of March 27, 1957, stated that it declined to enter an order to show cause, its order of January 11, 1957, is in effect such an order.

Since an issue of fact is raised, a hearing is required and the matter was improperly disposed of without a hearing. 28 U.S.C.A. § 2243. For further proceedings the cause is

Reversed and remanded.