**Otis LOPER, Appellant,**

v.

**O. B. ELLIS, General Manager, Texas Department of Corrections, Appellee.**

**No. 17482.**

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1959.

Otis Loper, appellant, in pro. per.

Jack Price, B. H. Timmins, Jr., and Linward Shivers, Asst. Attys. Gen., Will Wilson, Atty. Gen., of Texas, on the brief, for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

The Texas Courts sentenced appellant on November 17, 1947, to from five to fifty years for rape. He now complains that his attorney was not present at his sentencing. He is no novice at the habeas corpus route, Ex parte Loper, Tex. Cr.App.1949, 219 S.W.2d 81, certiorari denied, Loper v. State, 337 U.S. 946, 69 S.Ct. 1504, 93 L.Ed. 1749; Ex parte Loper, Tex.Cr.App.1949, 223 S.W.2d 523; Loper v. Ellis, 5 Cir., 1955, 224 F.2d 901, 902 (referring to "a succession of petitions"), and his present charge has been carefully considered.

His present petition for habeas corpus was initially filed in the United States District Court for the Eastern District of Texas, in Tyler. The Judge there, on June 27, 1958, entered a Memorandum and Order based solely on the testimony and affidavits of Appellant, to the effect that his 1947 sentencing had been illegal because of the absence of his counsel. The State of Texas was given twenty days in which to correct the error in sentencing.

Subsequently within the twenty days, on application of the State supported by an affidavit, the case was reopened and transferred to the Southern District of Texas for a full hearing.

It was at this second hearing in Houston on September 2, 1958, that the testimony of Judge E. B. Duggan was received. Judge Duggan, presently a Criminal District Judge of Harris County, as Assistant District Attorney in Harris County in 1947 had prosecuted appellant's case. He testified that he was present at the sentencing and knew that Jim Letts, appellant's counsel in the 1947 case, was also present at that time.

Appellant cross examined Judge Duggan at the September 2, 1958, hearing, and to further rebut his testimony and establish the contrary contention attempted to introduce into evidence affidavits of three persons who claimed to have been present on November 17, 1947. Alternatively he sought leave to take their depositions for offer on a subsequent hearing. The Court refused these requests, and appellant complains of these rulings.

Of course, counsel had to be present at the time of appellant's sentencing November 17, 1947. Ellis v. Ellisor, 5 Cir., 1956, 239 F.2d 175. See also, Gray v. Ellis, 5 Cir., 1958, 257 F.2d 159, 161. Judge Duggan testified that this requirement was fully complied with in appellant's case. There is no reason why his testimony should not have been fully credited by the Court below.

It is true, of course, that the affidavits might have been admitted into evidence in the discretion of the Court. 28 U.S.

C.A. § 2246. But any such use is subject to the right of the opponent to cross examine the affiants by written interrogatories. This would have meant a further postponement of the final hearing and decision. Since appellant had earlier sought and received a court order two weeks before the hearing for the issuance of three subpoenas, all of which were issued and served, it is evident that he understood the nature of the forthcoming hearing, that witnesses would be required and that the Court would direct that subpoenas be issued as needed. Under these circumstances it was a proper exercise of the Court's discretion to deny these belated requests.

Affirmed.