**J. H. HOLLIS, Petitioner,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 13575.**

United States District Court
S. D. Texas,
Houston Division.
June 28, 1961.

J. H. Hollis, pro se.

Will Wilson, Atty. Gen., and Joe G. Davis, Asst. Atty. Gen., for respondent.

INGRAHAM, District Judge.

This supplements Memorandum entered May 23, 1961.

This is the third petition for writ of habeas corpus filed in this court by J. H. Hollis, a prisoner in state custody.[1] In his current application petitioner raises two new contentions: (1) Negroes have been intentionally and systematically excluded from grand and petit juries in Van Zandt County, Texas; and (2) petitioner was sentenced without aid and presence of counsel.

Pursuant to a request of this court of May 23, 1961, the parties have stipulated as follows:

"1. The Petitioner, J. H. Hollis, is a member of the White race.

"2. Neither of Petitioner's Court appointed attorneys, C. L. Stanford of Canton, Texas, nor Bill Hollowell of Grand Saline, Texas, were present at the sentencing of Petitioner in Cause No. 11,425, entitled The State of Texas vs. J. H. Hollis, in the District Court of Van Zandt County, Texas."

The undisputed facts as to petitioner's trial, conviction, etc. are as follows. Petitioner was indicted and tried upon a charge of murder in the District Court of Van Zandt County, Texas, in October 1956. On October 10, 1956, the jury found petitioner guilty of murder and assessed his punishment at life in prison. He was represented at all stages until sentencing by two experienced and reputable attorneys of Van Zandt County. Until sentencing on October 20, 1956, the proceedings were regular in all respects. As stipulated, supra, counsel were not present at sentencing. The affidavits of the district judge and district attorney participating in the trial show defense counsel were notified of the time and place of sentencing.[2] Apparently the district judge and defense attorneys felt there was no necessity for presence of

---

1. His first petition for writ of habeas corpus was filed December 3, 1957, and docketed under C.A. 11,296. It was decided adversely to him January 28, 1958. He prosecuted an appeal to the Court of Appeals, which was affirmed December 5, 1958.

His second petition for writ of habeas corpus was filed June 26, 1959, and docketed under C.A. 12,698. It was dismissed by order of the court on the same day. He filed supplemental petition on July 1, 1959, which was likewise dismissed. His motion for rehearing, filed July 6, 1959, was denied August 12, 1959.

2. A. A. Dawson, Judge of the 86th Judicial District of Texas, stated in an affidavit of December 16, 1957 (affidavit attached to respondent's answer):

"After I had been informed by the Sheriff's Department that the Defendant (petitioner) wanted to accept sentence, and did not wish to appeal, I called Mr. C. L. Stanford, one of his attorneys, and inquired if he wished to be present when sentence was pronounced and advised him that Defendant was being brought down for the purpose of having the sentence pronounced upon him."

Judge Dawson further stated in his certificate in the criminal cause No. 11425 (certificate attached to stipulation of facts):

"While the defendant (petitioner) was being brought from the jail to the court room to receive his sentence, I called one of his attorneys by telephone and asked if under the circumstances he wished to come to the court room for the sentencing."

Joe Tunnell, District Attorney of Van Zandt County, Texas, stated in an affidavit of December 13, 1957 (affidavit attached to respondent's answer):

" * * * On October 20, 1956, the Defendant (petitioner) was brought into Court by the Sheriff and before any proceedings commenced, the Trial Judge (Judge Dawson) called Mr. Stanford (defense attorney) and advised him that the Defendant was being brought into the Court for the purpose of accepting sentence and being sentenced and asked Mr. Stanford if he wished to come over. * * * "

defense counsel at sentencing.[3] Petitioner claims absence of defense counsel cost him his opportunity to appeal, move for new trial, etc.[4]

In any event petitioner prosecuted no appeal to the Court of Criminal Appeals of Texas from the judgment of conviction and sentence in the 86th Judicial District Court of Van Zandt County. Petitioner sought unsuccessfully the writ of habeas corpus in the Court of Criminal Appeals of Texas on May 28, 1957, and October 9, 1957 (see true copies of Court of Criminal Appeals Order 351 attached to respondent's answer). On November 12, 1957, the Supreme Court denied his petition for writ of certiorari, Hollis v. Ellis, General Manager, Texas Prison System, et al., 355 U.S. 875, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957).

■ Petitioner's contention as to alleged systematic exclusion of Negroes

3. The view of Judge Dawson and defense attorney Stanford that defense counsel need not be present at sentencing stemmed from their understanding that petitioner desired no appeal but wanted to commence serving his sentence at once.

Judge Dawson stated in an affidavit of December 16, 1957 (affidavit attached to respondent's answer):

"(In answer to Judge Dawson's notice of sentencing) Mr. Stanford replied that he did not deem it necessary for him to be present (at sentencing). That the Defendant had concluded to accept his sentence and there was no necessity for him being present when it was done. When the Defendant was brought in to the Courtroom for the purpose of having sentence pronounced against him, I asked him if he had anything to say why sentence should not be pronounced and he said he did not. I then pronounced sentence and he was carried back to jail."

Judge Dawson further stated in his certificate in the criminal cause No. 11425 (certificate attached to stipulation of facts):

"After the trial, the defendant was returned to jail and was brought back into court on the 20th day of October, 1956, to receive sentence. During that ten day interval it had been reported to me by the sheriff's department that the defendant had been very critical of his attorneys * * * and had told them he did not need them any further. Also, I was advised that they offered to continue their services and appeal his case if he desired, but that he advised them he did not wish to appeal but had decided to accept sentence.

"(In response to Judge Dawson's inquiry as to whether defense counsel wished to attend sentencing) He (defense counsel) stated that if I thought it would be all right for him not to appear, he would not appear, and as a result (neither) he nor his co-counsel were present when sentence was pronounced."

District Attorney Tunnell stated in an affidavit of December 13, 1957 (affidavit attached to respondent's answer):

"(In response to Judge Dawson's inquiry as to whether defense counsel wished to attend sentencing) Mr. Stanford advised the Trial Judge that he would come over if the Defendant wished him to or if it was necessary that he be present; the Trial Judge then stated to the Defendant that he, the Judge, had been advised that it was his, the Defendant's, desire to waive the filing of a motion for a new trial and an appeal, and to accept his sentence. The Defendant replied that such was true, that he wanted to accept his sentence and go on to the penitentiary and start serving his time. * * *"

J. Forrest Sides, Sheriff of Van Zandt County, Texas, in October 1956 stated in an affidavit of December 14, 1957 (affidavit attached to respondent's answer):

"On October 20, 1956, at the direction of the District Judge, I took J. H. Hollis to the District Courtroom of Van Zandt County, Texas, for the purpose of being sentenced. I was present during all of said proceedings and heard the District Judge tell Hollis that he had been informed that he, Hollis, did not want to appeal his case but wanted to accept sentence and go on to the penitentiary, and the Judge asked him if what he had heard was so, and Hollis told the Judge that it was, that he wanted to go on to the penitentiary and start serving his time."

4. For example, in "Petitioner's Reply To Respondent's Reply in Opposition" petitioner states:

"Petitioner would show that an appeal could not be made until after sentence was pronounced; for under the laws of Texas, the sentence is the final judgment in criminal case. * * * (citing authorities). Therefore, Defendant was deprived of right to appeal by depriving him of counsel before sentencing."

from grand and petit juries in Van Zandt County, Texas, may be quickly rejected. It is stipulated that petitioner is white; no prejudice could have resulted to petitioner by exclusion of Negroes. Bailey v. Henslee, 264 F.2d 744, 748 (8th Cir. 1959) (Syl. 4).

There remains the fact that petitioner was sentenced to life in prison for the capital offense of murder without aid and presence of counsel. In Re Ellisor's Petition, 140 F.Supp. 720 (S.D.Tex.1956), aff'd 239 F.2d 175 (5th Cir. 1956), is in point. There the offense was murder, and death was the punishment. Defendant was sentenced without notice to his counsel and without their presence. All proceedings had been regular until sentencing. Defendant's constitutional rights were found to be violated, and execution was stayed until defendant was properly sentenced.[5] Like Ellisor, petitioner Hollis was sentenced without aid of counsel. Unlike Ellisor, petitioner's counsel were notified of sentencing and given an opportunity to be present. While Ellisor was given a death sentence, petitioner's is a life sentence. Presence of counsel was deemed essential in Ellisor, for the date of execution was to be set at sentencing. "Clearly, Ellisor had a right to have his Counsel present to plead for a longer period of time." 140 F.Supp. 727. Here, counsel was necessary at Hollis' sentencing for matters of appeal, new trial, etc. were to be determined.

■ The constitutional requirement of counsel at sentencing does not depend upon imposition of the death sentence. In Loper v. Ellis, 263 F.2d 211, 212 (5th Cir. 1959), the offense was rape, and pun-

ishment was five to fifty years in prison. Despite absence of the death sentence, the Fifth Circuit held counsel had to be present at time of sentencing. Houston v. Ellis, 252 F.2d 186, 187 (5th Cir. 1958), declared one convicted of rape has a constitutional right to counsel at sentencing.

■ It is clear then that petitioner should have been accorded counsel at his sentencing on October 20, 1956. Of course, petitioner might have waived counsel at sentencing. There is some inference of waiver by petitioner in the affidavits of Judge Dawson, District Attorney Tunnell, and Sheriff Sides. They suggest petitioner had decided to accept his sentence without appeal and did not desire further counsel. However, respondent nowhere pleads waiver as a defense to the charge of absence of counsel at sentencing. Hence, it must be taken that respondent does not seek to excuse the sentencing defect upon grounds of waiver.

From the foregoing it follows that Hollis should be granted the Writ of Habeas Corpus. It does not follow that he should be released *at this time*. The State may sentence him again properly if it sees fit to do so, such sentencing to be with his counsel present, and within thirty (30) days. This is the procedure followed in Ellisor at 140 F.Supp. 728.

Respondent is ordered to show cause within ten (10) days why an order granting the Writ of Habeas Corpus should not be entered. Such order to be substantially as that suggested in 140 F. Supp. 728.

5. The rationale of Ellisor is stated in 140 F.Supp. 728:
"* * * I think the law is that a man charged with a capital offense is entitled to have his counsel present to explore for, seek out, discover and bring forward every possible point or question of law or fact at every step in the case. I believe the cases generally, including the well considered Texas cases, support this view. In view of Article 801 of the Texas Code of Criminal Procedure, allowing a man *already sentenced* to death to have not only his lawyer, but his physician, spiritual adviser, relatives and friends to visit and advise him, I do not believe that the Texas Legislature intended, in enacting the Code of Criminal Procedure, that a man should be sentenced the death without his counsel being present."