163 So.2d 520 (1964)
Fred Lee EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 4282.
District Court of Appeal of Florida. Second District.
May 6, 1964.
*521 Jack P. LaMarr, Asst. Public Defender, Fort Lauderdale, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Leonard R. Mellon, Asst. Atty. Gen., Miami, for appellee.
SMITH, Chief Judge.
In 1958 Fred Lee Evans was charged with breaking and entering with intent to commit a misdemeanor. This was Case No. 2,873 in the trial court. In 1960 Evans was charged with uttering a forged instrument, a check. This was Case No. 17,094. In October of 1960 the accused was arraigned on the said charges. The Broward County Public Defender represented the accused at this arraignment, and pleas of guilty were entered as to each charge. Thereupon, the defendant was adjudged guilty in each case. Subsequently, in December of 1960, the cases were called up for imposition of sentences, at which time the defendant appeared without counsel. The court placed the defendant on probation for a term of three years in each case, said terms of probation to run concurrently.
In June of 1961 an Affidavit of Violation of Probation was filed against Evans in each of the above cases.
In September of 1962 Evans was charged with uttering a forged instrument, a motor vehicle title certificate. This was Case No. 46,770 in the trial court.
On September 26, 1962, the trial court called up Case No. 2,873 and Case No. 17,094 for hearing on the alleged violations of probation, and Case No. 46,770 for arraignment of the accused. The defendant was not represented by counsel at these proceedings. As to Case No. 2,873 and Case No. 17,094, the court revoked each order of probation and imposed concurrent five-year prison terms. In Case No. 46,770, the defendant was arraigned without benefit of counsel and pleaded guilty. The court thereupon adjudged Evans guilty and imposed a five-year prison term, to run concurrently with the sentences imposed in Case No. 2,873 and Case No. 17,094.
In 1963 Evans filed a motion for post-conviction relief, pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, requesting that the court vacate and set aside the judgment and sentence in each of the three cases. The court below determined that the defendant was not entitled to have the judgments and sentences in Case No. 2,873 and Case No. 17,094 set aside, because he was duly represented by counsel at the time he entered the pleas of guilty in said cases; and that the defendant was not entitled to have the judgment and sentence in Case No. 46,770 set aside, because he was well aware of the nature of the charges against him and thus intelligently and understandingly waived his right to counsel by pleading guilty in that case. From the order denying the motion for post-conviction relief, the defendant appeals.
With regard to Case No. 46,770, the record here establishes that this insolvent defendant was not represented by counsel at the arraignment. The record is silent as to whether the court advised the defendant of his right to counsel or offered to appoint counsel to represent the defendant. The lower court's determination that Evans waived his right to counsel, by virtue of the fact that he entered his plea of guilty well aware of the nature of the charges against him, was erroneous. Such conclusion is not supported by the record; and it is contrary to the law as stated in King v. State, Fla.App. 1963, 157 So.2d 440. That part of the order denying relief from the judgment and sentence in Case No. 46,770 is reversed and remanded for further proceedings in accordance with the principles announced in King v. State, supra, and Keur v. State, Fla.App. 1963, 160 So.2d 546.
With reference to Case No. 2,873 and Case No. 17,094, the question is whether *522 or not due process of law requires that counsel (previously appointed by the court for an insolvent defendant charged with a felony, which counsel represented the defendant at arraignment and judgment of conviction) be present to represent the defendant at the time sentence is imposed. The United States Supreme Court has frequently used broad language to the effect that the defendant in a criminal case is entitled to be represented by counsel at every stage of the proceedings. Powell v. Alabama, 1932, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158; Johnson v. Zerbst, 1937, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461; Gideon v. Wainwright, 1963, 372 U.S. 335, 345, 83 S.Ct. 792, 9 L.Ed.2d 799. Referring to such broad statements, the federal courts have consistently held that the time for sentencing is one of those critical stages at which the defendant should be represented by counsel. See, for example: Nunley v. United States, 10 Cir.1960, 283 F.2d 651; Panagos v. United States, 10 Cir.1963, 324 F.2d 764; Martin v. United States, 5 Cir.1950, 182 F.2d 225, 20 A.L.R.2d 1236, cert. den. 340 U.S. 892, 71 S.Ct. 200, 95 L.Ed. 647. Each of the cited cases is similar to the case at bar, in that the defendant had been represented by counsel at the time of plea and conviction but not at the time sentence was imposed. In the Martin case, the court said (182 F.2d at 227):
"The very nature of the proceeding at the time of imposition of sentence makes the presence of defendant's counsel at that time necessary if the constitutional requirement is to be met. There is then a real need for counsel. The advisability of an appeal must then, or shortly, be determined. Then is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendants' [sic] past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any Judge with trial Court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result, does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as make the absence of counsel at this time presumably prejudicial."
The federal courts have also held the above rule to be applicable in state courts. See the decisions in the following habeas corpus cases: Robbins v. Green, 1 Cir.1953, 218 F.2d 192; Ellis v. Ellisor, 5 Cir.1956, 239 F.2d 175; Houston v. Ellis, 5 Cir.1958, 252 F.2d 186; Hollis v. Ellis, D.C.S.D.Tex. 1961, 201 F. Supp. 616. The prevailing view among the state courts is that the defendant in a criminal case should be represented by counsel at the time of sentence. Annotation, 20 A.L.R.2d 1240. Although there are numerous decisions to the contrary, most of them were rendered long before the United States Supreme Court decided the Gideon case, supra. We conclude that due process of law requires that an insolvent defendant in a felony case be represented by legal counsel at the time sentence is imposed upon him.
The record on appeal establishes that this insolvent defendant was not represented by counsel at the time sentence was imposed upon him in Case No. 2,873 and in Case No. 17,094. The record does not disclose whether the court advised the defendant of his right to counsel at this critical point in the proceedings or whether the court offered to appoint counsel. There is nothing in the record to show that this defendant was aware of his right to counsel at this point. Thus, the record does not disclose a competent and intelligent waiver of such right. As we said in King v. State, supra, presuming waiver from a silent record is not permissible.
That part of the appealed order denying relief from the sentences imposed *523 in Case No. 2,873 and Case No. 17,094 is reversed and remanded for further proceedings not inconsistent with the principles stated herein. Of course, the fact that the appellant was not represented by counsel at the time he was sentenced in said cases does not vitiate the judgments entered therein.[1] As we have pointed out, Evans was represented by the Public Defender when he pleaded and was adjudged guilty in Case No. 2,873 and Case No. 17,094.
The question presented as to whether this defendant's constitutional right to counsel includes the right to court-appointed counsel at the revocation of probation proceedings becomes moot in view of our decision herein.
Reversed in part and affirmed in part.
ALLEN and ANDREWS, JJ., concur.
NOTES
[1] See Ellis v. Ellisor, 5 Cir.1956, 239 F.2d 175; Hollis v. Ellis, D.C.S.D.Tex. 1961, 201 F. Supp. 616.