George Eldores BLAUVELT, Petitioner,

v.

William C. HOLMAN, Acting Warden of Kilby Prison, Montgomery, Alabama, Respondent.

Civ. A. No. 2116-N.

United States District Court
M. D. Alabama, N. D.

Nov. 9, 1964.

James W. Cameron, of Cameron & Cameron, Montgomery, Ala., for petitioner.

Richmond M. Flowers, Atty. Gen. State of Alabama, and John C. Tyson, III, Asst. Atty. Gen., Montgomery, Ala., for respondent.

JOHNSON, District Judge.

The petitioner, George Eldores Blauvelt, by order of this Court made and entered herein on August 25, 1964, files in.forma pauperis his application for a writ of habeas corpus. The petitioner al-

leges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. He says that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Sumter County, Alabama, in April, 1959, at which time, upon a plea of guilty, he was found guilty of the offense of murder in the second degree and sentenced upon said finding to a term of forty years in the State penitentiary. In the petition as presented, Blauvelt says that his constitutional rights have been violated and his present incarceration is illegal in that he was denied an impartial jury, he was inadequately represented, his plea of guilty was not intelligently made, and prior to and at the time the jury that passed upon his case was selected and impaneled, there was a systematic exclusion of members of the Negro race from said jury.

Upon this showing, this Court in its order of August 25, 1964, directed that the respondent Warden appear in this case on or before September 25, 1964, and show cause why this Court should not issue the writ of habeas corpus as herein prayed for by petitioner Blauvelt. Pursuant to this order, the respondent Warden, by and through the Attorney General for the State of Alabama, filed a return and answer and, in the alternative, a motion to dismiss the application for a writ of habeas corpus. With this return and answer, the respondent Warden presents to this Court several exhibits, including a transcript of the proceedings taken upon petitioner Blauvelt's application for error coram nobis. This transcript as filed includes the findings, conclusions and judgment of the judge of the Circuit Court of Sumter County, Alabama, who presided in the coram nobis proceedings; the coram nobis petition was denied by said judge on September 19, 1963.

This cause came on for a hearing on November 3, 1964, upon the respondent Warden's motion to dismiss and for the purpose of pretrying the matter, if appropriate. Upon consideration of this case as now presented, this Court is of the opinion that the motion of the respondent Warden seeking to have this cause dismissed is due to be granted. The first three issues presented by the petitioner, that is, that the jury which heard his plea of guilty and followed the agreement of his counsel and the prosecuting officer in fixing his punishment at forty years, was not impartial, that his counsel was not competent and the representation rendered him was not adequate, and that his plea of guilty was not intelligently made, were each presented to the trial court in the error coram nobis proceedings which were conducted in the Circuit Court of Sumter County, Alabama, in September, 1963, and adjudicated by the judge of that court on the same date. This Court concludes that this petitioner, a State prisoner, does not have a right to a plenary hearing in this Court on those three issues as presented in his habeas corpus petition since the record, as now presented, reflects that the hearing by the Circuit Court of Sumter County, Alabama, was without vital flaw. It affirmatively appears to this Court upon this submission that a full, fair and impartial judicial inquiry was conducted by the Circuit Court of Sumter County, Alabama, concerning each of the three allegations just referred to above. It further affirmatively appears that the order and judgment, which includes detailed findings of fact and conclusions of law as made and entered on the 19th day of September, 1963, by the Honorable E. F. Hildreth, Judge of the Circuit Court of Sumter County, Alabama, reflects that the State of Alabama has given full and fair consideration to each of said issues and that the State of Alabama proceeded in this coram nobis proceeding in a manner that had adequately and fairly protected the constitutional rights of this petitioner. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361; United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296; Thomas v. Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d

863; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; and Allison v. Holman (5th Cir. 1963), 326 F.2d 294.

As to the contention that Blauvelt now presents which relates to the systematic exclusion of members of the Negro race from juries of Sumter County prior to and at the time of the proceedings which resulted in his present incarceration, the record, as now presented in this case, reflects that Blauvelt has not fairly and squarely presented this issue to the courts of the State of Alabama as he is required to do under § 2254, Title 28, United States Code. Furthermore, as to this issue, it affirmatively appears in this case that Blauvelt, a member of the Caucasian race, was fairly and adequately represented by counsel during the entire proceeding that resulted in his present incarceration. His counsel were competent and adequately and fairly represented him. The proceeding that resulted in his present incarceration included a plea of guilty to murder in the second degree, with the plea being entered by Blauvelt intelligently and with agreement by his counsel and his mother. This agreement further involved the additional provision that he would upon said plea of guilty receive a sentence of forty years. The jury followed to the letter the agreement as made by Blauvelt, his counsel, his mother and the prosecuting attorney. It follows, therefore, that this petitioner was not deprived of any of his constitutional rights by reason of the proceeding which resulted in his present incarceration. In addition to the foregoing reasons, the record in this case reflects that Blauvelt, through his counsel, intelligently waived any objections that he may have had to the jury that was used in the proceeding resulting in his present incarceration. Floyd v. United States, 5 Cir., 260 F.2d 910; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787. As a matter of fact, the record in this case affirmatively shows that the particular jury which heard his case was desired by the defendant and the defendant's counsel. In this connection, see Williams v. Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161. In addition to these reasons, the record in this case affirmatively reflects that Blauvelt was not a member of the group that he contends was systematically excluded in selecting the grand and petit juries which were used by the State of Alabama in Sumter County, Alabama, prior to and at the time of the proceeding of which he complains. He has no standing, therefore, to raise the issue of "systematic exclusion of Negroes from the grand and petit juries of Sumter County, Alabama" upon the ground that he, a white man—as was stipulated upon the pretrial of this case— was denied his constitutional rights by reason of said exclusion. Bailey v. Henslee, 8 Cir., 264 F.2d 744; Hollis v. Ellis, D.C., 201 F.Supp. 616.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that the petition of George Eldores Blauvelt for a writ of habeas corpus, filed herein in forma pauperis by leave of this Court on August 25, 1964, be and the same is hereby denied.

It is further ordered that this cause be and the same is hereby dismissed.

The Clerk of this Court is ordered and directed to forward copies of this order to the petitioner, George Eldores Blauvelt, in care of the Warden, Kilby Prison, Montgomery, Alabama, and to the Honorable James W. Cameron, attorney for the petitioner, and to the Honorable Richmond M. Flowers, Attorney General, State of Alabama, attorney for the respondent.