190 So.2d 291

**Walter PHILPOT, Jr.**

**v.**

**STATE.**

**5 Div. 651.**

Supreme Court of Alabama.

July 14, 1966.

For opinion conforming to answers to certified questions see 190 So.2d 293.

*Response to Questions Certified by the Court of Appeals.*

PER CURIAM.

The following is in response to your inquiry as above set out.

*Questions A. 1. and A. 2.*

A. 1.   In Johnson v. New Jersey, No. 762, June 20, 1966, the Supreme Court of the United States declared that the new rules enacted in Miranda v. Arizona, Nos. 759, 760, 761, and 584, June 13, 1966 [384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694],

**100**

apply only to cases in which the trial began after June 13, 1966.

We are, therefore, of opinion that in trials begun prior to June 13, 1966, the state is not required to show, as a predicate to the admission of evidence showing that defendant has made incriminating statements, that, prior to interrogation, defendant was effectively apprised of his privilege against self-incrimination or of his right to counsel as defined in *Miranda*.

A. 2. In the light of our answer to your question A. 1., question A. 2. requires no answer.

## Question B.

 B. We do not undertake to declare on the validity, effect, or extent of White v. Crook, D.C., 251 F.Supp. 401.

Whatever the force of White v. Crook, supra, may be, we are of opinion that Philpot is not in position to have relief by reason of that decision. From a viewpoint most favorable to Philpot, that holding appears to be that a prisoner, who is in position to do so, may complain of denial of equal protection of the laws resulting from exclusion of women from the jury. Philpot, however, is not a member of the group that has been excluded. As we understand the case, he is a man, not a woman. We do not think he can say he has been denied a jury of his peers. What one of the authors of White v. Crook, supra, said in another case seems appropriate here, to wit:

> "* * * In addition to these reasons, the record in this case affirmatively reflects that Blauvelt was not a member of the group that he contends was systematically excluded in selecting the grand and petit jurors which were used by the State of Alabama in Sumter County, Alabama, prior to and at the time of the proceeding of which he complains. He has no standing, therefore, to raise the issue of 'systematic exclusion of Negroes from the grand and petit juries of Sumter County, Alabama' upon the

ground that he, a white man—as was stipulated upon the pretrial of this case—was denied his constitutional rights by reason of said exclusion. Bailey v. Henslee, 8 Cir., 264 F.2d 744; Hollis v. Ellis, D.C., 201 F.Supp. 616." Blauvelt v. Holman, D.C., 237 F.Supp. 385, 387 (1964).

## Question C.

C. Since our answer to your question B. is not in the affirmative, question C. does not appear to require an answer.

All the Justices concur.