ON REHEARING
The State, in its petition for rehearing contends that the effect of the previous opinion is to grant to the petitioner, David Langlois, the relief which he sought under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, without the holding of an evidentiary hearing, in which he would have to “prove” his allegation that he was sentenced without counsel present. We agree. Evans v. State, Fla.App. 1964, 163 So.2d 520; King v. State, Fla. App.1963, 157 So.2d 440.
The opinion, therefore, is revised only insofar as the last sentence is concerned. The last sentence is stricken and the following is substituted therefor:
The Rule 1 petition is hereby granted and this cause is reversed and remanded to the trial court for the sole purpose of conducting an evidentiary hearing in order that the petitioner shall be given an opportunity to prove his allegation that his counsel was not present at the time his sentence was imposed.
In the event that the allegation is proven to the satisfaction of the trial judge, then the sentences heretofore entered should be vacated and the defendant should be resen-tenced with either private or public counsel present.
It is so ordered.