HOBSON, Chief Judge.
Appellant appeals an order denying his motion to vacate filed under CrPR 1.850, 33 F.S.A.
The appellant argues that he should not have been sentenced as a second offender under § 775.09, Fla.Stat., F.S.A., as he was not represented by counsel at the time he was sentenced on the judgment of conviction of a felony, which conviction is the basis upon which he became punishable as a second offender under § 775.09, Fla.Stat., F.S.A.
Section 775.09, Fla.Stat., F.S.A., provides :
“A person who, after having been convicted within this state of a felony * * commits any felony within this state is punishable upon conviction of such second offense as follows * * (Emphasis supplied)
The punishment as a second offender depends on a person being convicted previously of a felony and has nothing to do with sentencing. In Evans v. State, Fla. App.1964, 163 So.2d 520, an order denying relief from the sentences imposed where the defendant was not represented by counsel at the time of the imposition was reversed and remanded; however, the court went on to say on page 523:
“Of course, the fact that the appellant was not represented by counsel at the time he was sentenced in said cases does not vitiate the judgments entered therein.”
The appellant was represented by counsel and plead guilty to the first felony involved herein and the judgment of conviction in that case is valid and is a proper conviction upon which the appellant herein was validly sentenced as a second offender under § 775.09, Fla.Stat., F.S.A.
For the foregoing reasons the order appealed is affirmed.
LILES and MANN, JJ., concur.