163 So.2d 20 (1964)
Joseph A. BLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. 62-743.
District Court of Appeal of Florida. Third District.
March 31, 1964.
Rehearing Denied May 6, 1964.
*21 Thomas Carlos, Prebish & Gautier, Miami, for appellant.
James W. Kynes, Jr., Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellant, Joseph A. Blake, was convicted in the Criminal Court of Record, Dade County, Florida of the crime of aggravated assault.
Appellant claims, inter alia, in this appeal that his conviction was illegally obtained because of the deprivation of his constitutional right to due process and equal protection of law, in that the magistrate failed to appoint counsel to represent appellant at the preliminary hearing after appellant stated that he could not afford to retain counsel.
We find appellant's contention to be without merit. From the decisions of the courts of this state, it is apparent that it is not a deprivation of accused's constitutionally protected right to due process of law and equal protection under the laws of the United States and the State of Florida, for a court to refuse to appoint counsel for an indigent accused at the preliminary hearing.
It is well settled that a preliminary hearing is not an essential step in due process of law.[1] If it is no deprivation of constitutional rights to fail to hold a preliminary hearing, it necessarily follows that to fail to appoint counsel for indigent accused at such a proceeding similarly does not deprive one of constitutional protection.[2]
To hold otherwise, would be to fly in the face of the Supreme Court of Florida's recent policy determination in State v. Weeks, Fla. 1964, 166 So.2d 892:
"Admittedly, there are those who seem to advocate a form of socialization of the legal profession that would provide government supplied legal services `from the cradle to the jail.' Fortunately, up to this point, such a process of `judicare' has not attracted general judicial endorsement. Until mandated otherwise, we have no intention of relegating existing precedents to the limbo of a jurisprudential graveyard."
We have considered appellant's other assignments of error, and find them to be without merit.
Accordingly, the judgment appealed is affirmed.
NOTES
[1] Baugus v. State, Fla. 1962, 141 So.2d 264, Cert. Den. 371 U.S. 879, 83 S.Ct. 153, 9 L.Ed.2d 117; Di Bona v. State, Fla. App. 1960, 121 So.2d 192.
[2] Webster v. State, Fla.App. 1963, 156 So.2d 890.