HORTON, Judge.
This appeal is from an order denying the appellant’s petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The record reveals that on November 24 and December 19, 1950, informations were filed in the Criminal Court of Record of Dade County charging the appellant with armed robbery and attempted armed robbery. Subsequently, the appellant was adjudged guilty of the armed robbery charge, pleaded guilty to the attempted armed robbery charge, and was sentenced to imprisonment in the state penitentiary for a *20 term of five years and a term of one year, respectively.
On June 25, 1963, the appellant filed a petition for relief pursuant to Criminal Procedure Rule No. 1 in which he alleged: “I was tried in this court without the aid of a counsellor and at present was unable to hire one.” By order dated September 23, 1963, the trial court denied the appellant’s petition.
We note at this point that the record is silent as to whether or not the appellant was represented by counsel.
The single issue presented by this appeal is whether, under the aforementioned circumstances, the lower court erred in summarily denying the appellant’s petition.
The state contends that the petition contains no allegations to the effect that appellant was indigent at the time of trial or that he was unable to pay for counsel. Consequently, not having set forth legally sufficient grounds for collateral attack, summary denial of the petition was proper. The state relies on the cases of Beeson v. State, Fla.App.1964, 159 So.2d 669; King v. State, Fla.App. 1963, 157 So.2d 440; and Savage v. State, Fla.App.1963, 156 So.2d 566, as authority for affirming the order appealed.
We recognize that an allegation of in-digency in Rule 1 petition is essential if it is to state a prima facie case under the Gideon decision, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Savage v. State, supra. The question then becomes whether the appellant’s allegation that “I was tried in this court without the aid of a counsellor and at present was unable to hire one ” avers that at the time of trial he was indigent. We are loath to interpret this allegation against the appellant. On the contrary, such an ambiguity should be resolved in his favor. See Roy v. Wainwright, Fla.1963, 151 So.2d 825, 828, and Ashley v. State, Fla.App.1963, 158 So.2d 530. Under Rule 1, unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the trial court should cause notice to be served on the prosecuting’ attorney of the court, grant a prompt hearing, determine the issues and make findings of fact and conclusions of law. See Branch v. State, Fla.App.1964, 162 So.2d 528 and Caminata v. State, Fla. App.1964, 159 So.2d 921, and cases cited therein.
Accordingly, the matter should be set down and the provisions of the rule complied with in respect to a subsequent hearing.
Reversed with directions.