163 So.2d 328 (1964)
Willie C. THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-770.
District Court of Appeal of Florida. Third District.
April 28, 1964.
*329 Robert L. Koeppel, Public Defender, and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
Appellant, Willie C. Thomas, was denied relief sought by motion pursuant to Criminal Rule 1, F.S.A. ch. 924 Appendix. He appeals from the order of the trial court denying him relief. The motion stated[1] that appellant was without counsel at the original proceedings wherein he plead guilty, and at the hearing wherein his probation was revoked.
The trial court, after hearing counsel for the state and movant, found from the record that appellant was represented by counsel when he plead guilty, and further found that he admitted violating the terms of his probation.
The lower court was entitled to and correctly found from the record without a formal hearing that appellant was represented by counsel at the original proceeding wherein he plead guilty.[2]
Even assuming that appellant was denied court-appointed counsel at the hearing wherein he was found to have violated the terms of his probation, it would not afford a basis for relief pursuant to Criminal Rule 1. Indigent accused are not entitled to counsel at non-crucial steps in the criminal proceedings,[3] and a hearing to determine if probation has been violated is clearly not a crucial step in the proceedings.
Accordingly, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] It is not altogether clear whether appellant's self-drawn motion was in the alternative or conjunctive, but pursuant to Roy v. Wainwright, Fla. 1963, 151 So.2d 825, we resolve all doubts in movant's favor, and find that the motion was in the alternative. See also Tynes v. State, Fla.App. 1964, 163 So.2d 19, (opinion filed April 14, 1964); Ashley v. State, Fla. App. 1963, 158 So.2d 530.
[2] Sampson v. State, Fla.App. 1963, 158 So.2d 771.
[3] State v. Weeks, Fla. 1964, 166 So.2d 892 (opinion filed March 4, 1964); Blake v. State, Fla.App. 1964, 163 So.2d 20, (opinion filed March 31, 1964).