165 So.2d 246 (1964)
Oscar PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4356.
District Court of Appeal of Florida. Second District.
June 12, 1964.
*247 Fenimore Cooper, Jr., Asst. Public Defender, Winter Park, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
The defendant appeals from an order of the trial court denying his motion for relief under the provisions of Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
In 1958 the defendant waived arraignment and entered a plea of guilty to each of two separate informations charging him with forgery. Defendant was represented by counsel at these proceedings. After a pre-sentence investigation the trial judge placed the defendant on probation for two years for the offense charged by the first information, No. 1273. Sentence was withheld on the second information, No. 1274. Subsequently the trial judge revoked probation and sentenced the defendant for a period of six months to ten years on each of the informations, the sentences to run consecutively. The defendant was not given a hearing at the revocation of his probation and did not have counsel at his sentencing. The defendant contends that he was entitled to a hearing and the assistance of counsel at revocation of his probation.
Sec. 948.06(1), Fla. Stat. 1941, F.S.A., provides, in part, as follows:
"* * * The court upon the probationer being brought before it may commit him, or release him with or without bail, to await further hearing, or it may dismiss the charge. If such charge is not at said time dismissed, the court, as soon as may be practicable, shall give probationer an opportunity to be fully heard on his behalf in person and by counsel. After such hearing the court may revoke, modify or continue the probation. * * *"
In Brill v. State, 1947, 159 Fla. 682, 32 So.2d 607, Mr. Justice Terrell, for the court, in discussing revocation of probation, said:
"* * * A secondary purpose is to give the person accused of violating the suspended sentence a chance to explain away the accusation against him, but even this does not contemplate a strict or formal trial. * * *
"* * * The Courts all hold that whether the action involves a suspended sentence, pardon or parole, due process requires that a hearing be accorded the one charged. * * *"
The record does not show that the defendant had a hearing in connection with the revocation of probation. Thus, the sentence imposed in Case No. 1273 is invalid.
As heretofore noted, the probation statutes provide that the probationer shall be given an opportunity to be heard by counsel. The failure to furnish court-appointed counsel for an insolvent probationer does not constitute a denial of due process of law nor a denial of the probationer's constitutional rights so as to render the judgment void and subject to collateral attack by Criminal Procedure Rule No. 1. Cf. Thomas v. State, Fla.App. 1964, 163 So.2d 328; and see Hyser v. Reed, D.C. Cir.1963, 318 F.2d 225, at 238. However, the defendant does have the right to counsel at the time sentence is imposed, and in neither case did he have an attorney at the time he was sentenced. Judge Smith of this court has summarized the law applicable to this situation in Evans v. State, Fla.App. 1964, 163 So.2d 520.
The defendant is entitled to a hearing on the revocation of probation in Case No. 1273, and is entitled to the assistance of counsel at the time he is sentenced in both cases.
Reversed.
SMITH, C.J., and SHANNON and ANDREWS, JJ., concur.