PER CURIAM.
By this appeal, the appellant urges error in the denial of his application for relief pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The principal point relied on for reversal is that the appellant waived a preliminary hearing on a capital charge without the benefit of counsel.
Upon being arraigned in open court, it appears from the record that the appellant pleaded not guilty, was adjudicated insolvent, and had eminent trial counsel appointed to represent him who, after an investigation and consultation with the appellant, withdrew the plea of not guilty to first degree murder and submitted a plea of guilty to second degree murder.
 It has previously been held that a preliminary hearing is not such a critical step as to require accused to have counsel. See: Webster v. State, Fla.App.1963, 156 So.2d 890; Blake v. State, Fla.App.1964, 163 So.2d 20; Howard v. State, Fla.App.1964, 164 So.2d 229; Sam v. State, Fla.App.1964, 167 So.2d 258, [opinion filed September 16, 1964], This is particularly true where, as in the instant case, the defendant pleads not guilty at the arraignment.
The record fails to demonstrate any error on the part of the trial judge in denying the relief sought and, therefore, same is hereby affirmed.
Affirmed.