PER CURIAM.
The appellant takes an appeal from an order denying his motion to vacate judgment and sentence under Criminal Procedure Rule No. 1 F.S.A. ch. 924 Appendix. Having been represented by counsel at all stages of his proceedings except sentencing, the only question raised is whether the appellant was entitled to be represented by counsel at the time sentence was imposed.
This court, in the case of Evans v. State, Fla.App.1964, 163 So.2d 520, through Judge Smith, stated:
“• * * * The prevailing view among the state courts is that the defendant in a criminal case should be represented by counsel at the time of sentence. Annotation, 20 A.L.R.2d 1240. Although there are numerous decisions to the contrary, most of them were rendered long before the United States Supreme Court decided the Gideon case, supra. We conclude that due process of law requires that an insolvent defendant in a felony case be represented by legal counsel at the time sentence is imposed upon him.”
As was pointed out in the Evans case, supra, lack of counsel at sentencing does not vitiate the judgment entered, but only the sentence. That portion of the order which imposes the sentence is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Affirmed in part and reversed in part.
ALLEN, Acting C. J., and SHANNON and WHITE, JJ., concur.