SHANNON, Judge.
This is an appeal by the defendant from an order denying his petition for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
Appellant alleges that he was arrested in October, 1962, on a charge of attempting to utter a forged check; that after his arrest he was held incommunicado for nine days; that he was brought before a committing magistrate and there pleaded guilty; that he subsequently was arraigned in circuit court and pleaded guilty; that he was adjudged guilty and sentenced to a term of six to eighteen months; that four days later, on December 24, 1962, the adjudication of guilt and sentence were set aside and defendant was placed on probation for five years; that in March, 1964, following a hearing, his probation was revoked, he was adjudged guilty, and sentenced to a term of six months to two and one-half years.
The record is silent as to whether appellant had counsel at the time the first sentence was imposed, or when it was vacated and the defendant placed on probation.
Appellant contends that being held incommunicado after arrest was a violation of his constitutional rights; that he was not advised of his right to counsel; that he was indigent; that he had no counsel at preliminary hearing; that the record does not show the presence of counsel at arraignment; and that the trial judge should have granted a hearing on his Rule 1 motion to determine if these contentions were well founded. Appellant further contends that he did not have counsel when the first sentence was pronounced; that he had no counsel when put on probation, which was a “critical stage” of the proceedings; and that he is entitled to credit on his present sentence for the time he was on probation, since he had no attorney when probation was ordered.
Seven points on appeal are presented, but they can be reduced to three, which are whether the appellant was denied his constitutional right to counsel 1) at the preliminary hearing; 2) at arraignment when he pleaded guilty; and 3) when he was placed on probation.
 As to the first point, it has been repeatedly held that normally a preliminary hearing is not such a critical stage of a *336 criminal prosecution as to entitle a defendant to counsel. E. g., Montgomery v. State, Fla.1965, 176 So.2d 331; and Jackson v. State, Fla.App.1964, 167 So.2d 903. The record does not show that defendant’s rights were prejudiced by lack of counsel at this proceeding.
As to point two, appellant claims that the record does not show that he had counsel when he was arraigned and pleaded guilty, but the record refutes this, because it states:
"The defendant, Floyd Randall, with counsel, Allen Allweiss, Assistant Public Defender, upon being arraigned in open court on the above Information entered a plea of guilty to the charges contained therein * *
As to point three, appellant’s argument is that the proceeding in which he was placed on probation was a critical stage at which he was entitled to the assistance of counsel. There does not seem to be any direct authority in Florida on this point; however, several cases have touched very closely upon it and none indicate that placing a defendant on probation amounts to a critical proceeding.
In Evans v. State, Fla.App.1964, 163 So. 2d 520, the defendant appealed an order denying Rule 1 relief. He previously had pleaded guilty to two felonies and was adjudged guilty of them, all with the advice of counsel. Subsequently, his cases were called up for sentence, at which time the defendant appeared without counsel and was placed on probation for a term of three years in each case, to run concurrently. Later an affidavit for violation of probation was filed, the probation revoked, and defendant was sentenced without assistance of counsel and with no showing in the record of a waiver of counsel. On the defendant’s appeal from the order denying relief under Rule 1, the court stated the issue in the case as whether due process required that counsel be present to represent a defendant at the time sentence was imposed. The court held that due process did require an insolvent defendant in a felony case to-have legal counsel at sentencing, absent intelligent waiver of the right; therefore, the court reversed in part for further proceedings consistent with this principle. The court observed that merely because the appellant was not represented by counsel at the time he was sentenced did not vitiate the judgments.
In Phillips v. State, Fla.App. 1964, 165 So.2d 246, the court held that due process required that a defendant be allowed a hearing on his revocation of probation, but the court apparently found nothing wrong with the defendant having been placed on probation without the advice of counsel.
In Reader v. State, Fla.App.1964, 168 So.2d 557, the court re-affirmed the rule that the time of sentencing is a critical stage in the criminal proceeding during which a defendant is entitled to court-appointed counsel if he is not able to provide his own. In Reader the court reversed the denial of post-conviction relief with directions that the lower court grant the motion, set aside the sentence, and bring the defendant before that court for re-sentencing. This appears to be the procedure later followed in Trimble v. State, Fla.App.1965, 170 So.2d 452.
These cases all seem to say that even if an indigent defendant is sentenced without counsel or without waiving the right to counsel, a conviction obtained when counsel was present at all critical stages is not invalidated; but that the sentence is invalidated and the defendant must be remanded for re-sentencing with counsel. There are also cases which say that time served under a previous invalid sentence must be credited on the second sentence. Little v. Wainwright, Fla.1964, 161 So.2d 213; and Perry v. Mayo, Fla.1954, 72 So.2d 382.
 Applying these rules to the situation here, in which the record shows a plea of guilty with counsel, the question *337 becomes whether the proceeding in which the defendant was placed on probation without counsel entitles this defendant to have the time he served on probation credited on the sentence imposed after probation was revoked. It is important to note that when the alleged “second” sentence was imposed, which occurred after probation had been revoked, the defendant was represented by counsel, so there is no question as to the legality of this “second” sentence. The only issue is whether it was necessary for the trial judge to give the defendant credit • on his “second” sentence for the time he spent on probation. This does not appear to be required because (1) Fla.Stat., Sec. 948.06, F.S.A., provides that upon the revocation of probation the court shall impose any sentence which it might have originally imposed before placing a probationer on probation and that no part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve; and (2) appellant’s argument that placing a defendant on probation is a critical stage of the proceedings, necessitating counsel, does not appear to find any support in the authorities. Conversely, the Evans and Phillips cases, supra, strongly imply that this is not a critical stage and appellant has failed to show how lack of counsel was prejudicial. Even if a sentence is illegal, as Evans and other cases point out, the defendant is not entitled to be released from custody, but only to be re-sentenced according to law, which is what has, in effect, taken place here, since the current sentence was imposed when defendant was represented by counsel, and the trial judge could not, under the statutory law, give credit for the time spent on probation.
Accordingly, the order appealed is affirmed, it conclusively appearing that defendant is entitled to no relief.
Affirmed.
ALLEN, C. J., and LILES, J., concur.