PEARSON, Judge.
Robert Lee Bryant, the appellant, appeals an order denying his motion for relief pursuant to Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. He alleged that he was indigent and that he neither waived counsel nor was afforded the opportunity to have counsel when his probation was revoked and when he was sentenced to the State prison.
 The record reveals that appellant was charged, pleaded guilty, and was adjudged guilty of the crime of robbery. The court suspended imposition of sentence and placed the appellant on probation for a term of three years. At all stages of the proceedings he was represented by counsel of his own choice. The order placing defendant on probation was dated August 12, 1963. Subsequently, appellant was charged with the violation of his probation, and probation was revoked on October 20, 1965. He was then sentenced to a term of five years. On May 5, 1966, appellant filed his petition for relief which was denied on the basis that the motion was insufficient in substance to support the relief prayed. This appeal followed.
The State has admitted that the record does not reveal that appellant had counsel or waived counsel at the time of sentencing. See Evans v. State, Fla.App.1964, 163 So.2d 520, 522. The imposition of sentence is a critical stage in the trial, and the defendant is entitled to assistance of counsel at that time. Phillips v. State, Fla.App.1964, 165 So.2d 246. We therefore reverse the order denying relief and remand the cause for an evidentiary hearing upon the appellant’s allegation that he was not afforded the opportunity to be represented by counsel at the *22 time of sentencing. See Langlois v. State, Fla.App.1966, 191 So.2d 284.
Appellant’s allegation that he was denied a constitutional right when he was not represented or afforded the opportunity of representation by counsel on the revocation of his probation is not a ground for relief. Thomas v. State, Fla.App.1964, 163 So.2d 328; Phillips v. State, Fla.App.1964, 165 So.2d 246.
Reversed and remanded for evidentiary hearing.