SPECTOR, Judge.
In an original habeas corpus proceeding initiated in this court, the petitioner alleges that while on his second parole from a twenty-year sentence imposed upon him in 1949, he was charged by the Florida Parole Commission with conduct constituting violation of parole. At a hearing on such charges, petitioner was not provided with court appointed counsel; and he cites such failure as the basis of a deprivation of his constitutional rights. By a subsequent petition filed in this court only a few days later, petitioner reiterates the contention that he was deprived of his constitutional rights by the’ State’s failure to appoint counsel as above related, and that therefore the order revoking petitioner’s parole is void. Premised upon such contention of voidness, petitioner next contends that he is entitled to gain time earned by him as provided by Section 944.27, Florida Statutes, F.S.A., and that the gain time to which he is thus entitled has not been forfeited by the allegedly void parole revocation order.
The two petitions are so interrelated that we treat them here together.
Petitioner has failed to demonstrate or advance any authorities in support of his contention that a parolee is entitled to appointment of counsel as a matter of right to represent him in a proceeding before the Parole Commission where the purpose of such proceeding is to determine whether the parolee is guilty of parole violation. Section 947.23(1), Florida Statutes, F.S.A., relating to hearings in cases of alleged parole violations states in material part, “ * * * if he desires, he may be represented by counsel * * The quoted language concerning representation by counsel is permissive only. The petitioner has not directed this court to any cases holding such language to be mandatory in character, nor has the court’s independent research of the reported cases in this State encountered a ruling construing the permissive language of the statute to be mandatory in effect.
In Thomas v. State, 163 So.2d 328 (Fla. App.2d 1964), our sister court held that hearing to determine whether a person convicted of a crime had violated the terms of *648 his probation was not a crucial step in a criminal proceeding so as to entitle an indigent person to appointment of counsel as a matter of right. This view was adhered to in Phillips v. State, 165 So.2d 246 (Fla.App.2d 1964), in which that court squarely held that:
“The failure to furnish court-appointed counsel for an insolvent probationer does not constitute a denial of due process of law nor a denial of the probationer’s constitutional rights so as to render the judgment void and subject to collateral attack * *
While both the Thomas and Phillips cases, supra, concerned hearings to determine revocation of probation, the court is of the view that such proceedings are sufficiently analogous to a parole revocation proceeding so as to warrant application of the same rule. Indeed, the court in Phillips, supra, cited as authority for the result therein reached a federal case, Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963), which did have before it a series of questions arising out of parole revocation proceedings. At page 238, that court ruled:
“We hold due process does not require that indigent parolees be provided with appointed counsel when they appear before the Parole Board in revocation proceedings.”
Accordingly, the proceedings resulting in the revocation of the petitioner’s parole not having been shówn to be deficient in the manner contended, the gain time to which petitioner otherwise would have been entitled has been forfeited by operation of the provisions of Section 947.-23(2), Florida Statutes, F.S.A.
Petitions denied.
CARROLL, DONALD K, Acting C. J., and WIGGINTON, J., concur.