PER CURIAM.
Petitioner filed his petition for writ of habeas corpus alleging that he is illegally being detained in the state prison. He alleged that while he was out on parole that he was arrested under warrants issued by the Florida Parole Commission and held • in jail for over five years on these warrants. It is contended that this period of imprisonment was not credited to his prison sentence and if credit had been so given he would be entitled to be released from prison.
Based upon the petition for writ of habeas corpus and a letter from the Attorney General’s Office the petition was denied. The letter sets forth the dates petitioner spent in prison and the dates he was out on parole. There is no statement as to when the warrants were issued for petitioner’s arrest while he was out on parole or how long he spent in jail under such arrests before his parole was revoked or he was released. In view of the charge made in the petition we are of the opinion that the writ should have been issued to the respondents directing that cause be shown as to why said petition should not be granted. The return should contain an official statement showing the exact dates petitioner was held in prison on warrants issued by the parole commission and pending action on parole violation, and also when any warrants were issued for his arrest while he was out on parole and how long he remained in jail under these warrants before parole was either continued or revoked. Too, there should be a statement whether petitioner was credited with any time he might have served in jail under the warrants.
Petitioner has also asserted that he was denied constitutional rights in that a court appointed counsel was not furnished to him in the parole revocation hearing. Such assertion is without merit. Shiplett v. Wainwright, 198 So.2d 647 (Fla.App. 1st, *506 1967); Hutchinson v. Patterson, 267 F. Supp. 433 (D.Colo.1967); Williams v. Craven, 273 F.Supp. 649 (C.D.Calif., 1967).
Because of the reason discussed above we hereby remand this case to the trial court and direct that the writ be issued and that this case proceed in accordance with established habeas corpus procedure.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.