ANTHONY PUCHALSKI, PLAINTIFF-APPELLANT, v. NEW JERSEY STATE PAROLE BOARD, DEFENDANT-RE-SPONDENT.

Argued November 17, 1969—Decided December 16, 1969.

*Mr. Henry A. Hill, Jr.,* argued the cause for plaintiff-appellant.

*Mr. Eugene T. Urbaniak,* Deputy Attorney General, argued the cause for defendant-respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. The plaintiff, an indigent prisoner, brought this action to review the denial of assignment of counsel to represent him in connection with a parole release consideration hearing.

The Parole Board may release a prisoner on parole only if "it is of the opinion that there is reasonable probability that, if such prisoner is released, he will assume his proper and rightful place in society, without violation of the law, and that his release is not incompatible with the welfare of society." *N. J. S. A.* 30:4–123.14. In connection with his appearance at the Board hearing to determine such fitness

(*N. J. S. A.* 30:4–123.19), "the prisoner shall have the right to consult legal counsel of his own selection, if he feels that his legal rights are invaded, and subject to the consent of the board to submit in writing a brief or other legal argument on his behalf * * *." *N. J. S. A.* 30:4–123.25. Being financially unable to hire counsel for this purpose, plaintiff contends that the refusal to assign him an attorney violates equal protection and due process.

The Appellate Division upheld the denial, finding that the aid of counsel in seeking a parole is not of such importance and does not concern the determination of such factual or legal questions as to require the state to supply an attorney to those unable to pay for one, and that consequently no constitutional right of plaintiff had been infringed. 104 *N. J. Super.* 294 (1969). His appeal to this Court is on the basis that a substantial constitutional question is involved. *R.* 2:2–1(a)(1).

We agree with the Appellate Division and affirm for the reasons given in its opinion. *Mastriana v. New Jersey Parole Board,* 95 *N. J. Super.* 351 (*App. Div.* 1967), where it appears that court-assigned counsel advised the appellant prisoner at a consent rehearing before the Board, is not authority to the contrary in view of the peculiar situation present in that case. Nor does *R.* 2:7–2(a), providing for the assignment of the Public Defender as counsel for an indigent where a review of administrative proceedings concerning status as a prisoner is sought, extend to a parole release consideration hearing before the Board. Its intended scope otherwise need not be considered here.

We should add that we express no view on the intimation by the Appellate Division (104 *N. J. Super.,* at 301) that an indigent parolee might be entitled to the assignment of counsel in connection with a proceeding to *revoke* parole. (*N. J. S. A.* 30:4–123.25 covers the right to counsel for such a proceeding in the same language as that quoted above with reference to parole release.) While the constitutional right to the assignment of counsel where *probation* is

sought to be revoked seems to be established (*Mempa v. Rhay,* 389 *U. S.* 128, 88 *S. Ct.* 254, 19 *L. Ed.* 2d 336 (1967); *State v. Seymour,* 98 *N. J. Super.* 526 (*App. Div.* 1968)), the decisions to date generally hold that there is no such right with respect to *parole* revocation proceedings. See *e. g. Johnson v. Stucker,* 203 *Kan.* 253, 453 *P.* 2d 35 (1969), *cert. den.* 396 *U. S.* 904, 90 *S. Ct.* 218, 24 *L. Ed.* 2d 180. (Nov. 10, 1969).

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—NONE.