PER CURIAM.
The petitioner has filed in the Supreme Court of Florida his petition for a writ of habeas corpus, which court issued its order to show cause, to which the respondent filed his return and later, pursuant to that court’s order, filed an amended return. The Supreme Court then entered an order transferring the cause to this court, in accordance with Rule 2.1, subd. a(5) (d), Florida Appellate Rules, 32 F.S.A., “for consideration of the sufficiency and merits of the petition for writ of habeas corpus filed herein”.
.Pursuant to the said order of transfer, we have considered the sufficiency of the merits of the said petition, as revealed in the petition and the two returns to the order to show cause, as well as the respondent’s rebuttal to each return, and we find that the basic contention of the petitioner is that, after being convicted of armed robbery in 1952 by the Hillsborough County Criminal Court of Record and being given an out-of-state parole in 1955, he went to Iowa, where he was convicted of driving while intoxicated and he was extradited to Florida and given what the petitioner describes as a “Kangaroo Parole Revocation Hearing” by the Florida Parole and Probation Board, which found that the petitioner had violated the parole imposed on him in 1955 and denied him his constitutional right to counsel at the revocation hearing.
In our opinion, this case is controlled by our decision in Shiplett v. Wainwright, 198 So.2d 647 (Fla.App.1967), in which we held that the statute (Section 947.23, Florida Statutes, F.S.A.), allowing a parolee to have the representation of counsel at a hearing on revocation of parole, was permissive and that due process of law did not require that an indigent parolee be provided with counsel. With respect to the decisions supporting our holding we said:
“In Thomas v. State, 163 So.2d 328 (Fla.App.2d 1964), our sister court held that hearing to determine whether a person convicted of a crime had violated the terms of his probation was not a crucial step in a criminal proceeding so as to entitle an indigent person to appointment *737 of counsel as a matter of right. This view was adhered to in Phillips v. State, 165 So.2d 246 (Fla.App.2d 1964), in which that court squarely held that:
‘The failure to furnish court-appointed counsel for an insolvent probationer does not constitute a denial of due process of law nor a denial of the probationer’s constitutional rights so as to render the judgment void and subject to collateral attack % >[c >
“While both the Thomas and Phillips cases, supra, concerned hearings to determine revocation of probation, the court is of the view that such proceedings are sufficiently analogous to a parole revocation proceeding so as to warrant application of the same rule.”
In support of the petitioner’s basic contention he relies heavily upon the recent decision of the United States Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), but in many state and federal cases decided since Mempa the courts have held that in Mempa the Supreme Court recognized the right to counsel in probation proceedings but that the courts have generally held that there is no such right with respect to parole revocation proceedings. For instance, in Puchalski v. New Jersey State Parole Board, 55 N.J. 113, 259 A.2d 713 (1969), certiorari denied by the U.S. Supreme Court in 398 U.S. 938, 90 S.Ct. 1841, 26 L.Ed.2d 270 (1970), the New Jersey Supreme Court held:
“While the constitutional right to the assignment of counsel where probation is sought to be revoked seems to be established (Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); State v. Seymour, 98 N.J.Super. 526, 237 A.2d 900 (App.Div.1968)), the decisions to date generally hold that there is no such right with respect to parole revocation proceedings. See e. g. Johnson v. Stacker, 203 Kan. 253, 453 P.2d 35 (1969), cert. den. 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (Nov. 10, 1969).” (Emphasis not supplied.)
To the same effect see the decision of the U. S. Court of Appeals for the Ninth Circuit in Eason v. Dickson, 390 F.2d 585 (1968), cert. den. in 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968). See also the decision of the U. S. Court of Appeals for the Sixth Circuit in Rose v. Haskins, 388 F.2d 91 (1968), cert. den. in 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408 (1968), in which the Court of Appeals said:
“The state is not required to provide for parole and, if it does, may stipulate its terms and conditions as well as the status of a parolee. Parole is a matter of grace in Ohio, DiMarco v. Denton, Warden, 385 F.2d 556 (6th Cir. 1967) ; Cox v. Maxwell, Warden, 366 F.2d 765 (6th Cir. 1966).”
We hold that under the above-cited cases, the petitioner in the present proceeding was not entitled to a right to counsel at the parole revocation hearing, and so the basic point he raises in his petition for the writ of habeas corpus is without merit. Therefore, the petition is denied and, the respondent having shown good cause in its returns to the order to show cause issued by the Florida Supreme Court, the writ is discharged.
It is so ordered.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.