120 N.J. Super. 197 (1972)
293 A.2d 672
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT
v.
MIKE MORALES, DEFENDANT-APPELLANT. MIKE MORALES, PLAINTIFF-APPELLANT
v.
NEW JERSEY STATE PAROLE BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1972.
Decided July 18, 1972.
*199 Before Judges COLLESTER, MINTZ and LYNCH.
Mrs. Rosemary K. Reavey, Assistant Deputy Public Defender, argued the cause for the defendant-appellant and plaintiff-appellant Mike Morales (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Elson P. Kendall, Assistant Prosecutor, argued the cause for plaintiff-respondent State of New Jersey (Mr. Karl Asch, Union County Prosecutor, attorney).
Mr. Joseph T. Maloney, Deputy Attorney General, argued the cause for defendant-respondent New Jersey State Parole Board (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. G. Robert Wills, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
This matter involves two separate appeals: (1) denial of defendant's petition for post-conviction relief, and (2) the revocation of defendant's parole by the State Parole Board.

I
Defendant was found guilty of carnal abuse and on April 11, 1958 was committed to the New Jersey State Hospital at Marlboro. He took no direct appeal. His first petition for post-conviction relief was filed on July 14, 1967. It was dismissed by the court, without an evidentiary hearing, on October 13, 1967 on the ground that it had not been filed within five years after defendant's conviction. R.R. 3:10A-13, now R. 3:22-12.
*200 On March 30, 1971 defendant filed a second petition for post-conviction relief alleging the verdict was against the weight of the evidence and "there is no specific sentence  the sentence is ambiguous." The court again dismissed the petition under the provisions of R. 3:22-12. Defendant appeals contending that the petition should not have been dismissed because of defendant's excusable neglect.
The order dismissing the petition is affirmed. The petition did not allege facts showing the delay in filing for more than five years was due to defendant's excusable neglect, R. 3:22-12. Moreover, the claim that the verdict was against the weight of the evidence can be raised only on a direct appeal; it is not a ground for post-conviction relief. R. 3:22-2 and 4. And further, contrary to the assertion of defendant, the sentence to an indeterminate term at the State Hospital was proper. N.J.S.A. 2A:164-6. It was specific and unambiguous.

II
Defendant was paroled from the New Jersey State Hospital at Marlboro on April 17, 1969. On August 11, 1970 defendant was arrested and charged with atrocious assault and battery for stabbing the husband of his paramour. When interviewed by his parole officer he admitted the stabbing and also having sexual relations with the victim's wife. On October 5, 1970 defendant pleaded guilty in the municipal court to simple assault and battery and was sentenced to the time served in jail (60 days).
Upon receipt of the parole officer's report the State Parole Board on September 16, 1970 declared defendant delinquent on parole as of August 11, 1970, the date of his arrest, and revoked his parole. The stated grounds for revocation were:
1. Failure to refrain from conduct on parole which shall give reasonable cause to believe that you have resumed, or are about to resume, criminal conduct or associations, as evidenced by the circumstances *201 of your arrest on or about August 11, 1970 by the Elizabeth police for atrocious assault and battery.
2. Failure to notify your parole officer as soon as possible after your arrest.
When defendant was released from the Union County jail on October 6, 1970 he was transported to the Rahway Diagnostic Unit as a parole violator. On December 29, 1970 defendant was given a hearing on the September 16, 1970 revocation of parole. The parole board decided that the revocation should remain in effect and defendant would not be reparoled.
On appeal defendant raises four arguments: (1) he was entitled to a hearing on the proposed revocation of parole with counsel to assist him at the revocation hearing, (2) the revocation of parole was arbitrary, capricious and an abuse of discretion depriving defendant of due process of law under the Fourteenth Amendment, (3) rules and regulations concerning the parole of sex offenders should be promulgated in accordance with N.J.S.A. 2A:164-8, and (4) as a paroled sex offender whose alleged violation of parole was unrelated to his status prior to parole he should be given reasons why he has not been recommended for parole by the Special Classification Review Board.
We conclude that the arguments raised are lacking in merit. Following oral argument of this appeal the United States Supreme Court rendered its decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (decided June 29, 1972) which laid down due process requirements that must be afforded a parolee before a parole board may revoke his parole. We find that several of the requirements, notably a preliminary hearing and notice of a hearing prior to revocation, are absent in this case. However, we have carefully reviewed the record and conclude that had all the specified due process requirements of Morrissey been scrupulously followed the same result, revocation of parole, would have been reached. It is undisputed that Morales pleaded guilty to assault and battery while on *202 parole, an act which violated Sections 3a, b, c, and d of the conditions of parole which he signed on April 16, 1969, the day prior to his release on parole. Morrissey clearly states that a parolee cannot relitigate issues determined against him in other forums. To now require a remand for an evidentiary hearing would be an exercise in futility.
The issue of whether a parolee has a constitutional right to the assistance of counsel was not reached nor decided in Morrissey. However, other courts have held that there is no right to counsel at a parole revocation hearing and that any such right depends entirely upon the existence of statutory provisions. Johnson v. Stucker, 203 Kan. 253, 453 P.2d 35, 40 (Sup. Ct. 1969), cert. den. 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (1969). In the absence of such a statute and in view of our Supreme Court's statement in Pulchaski v. N.J. State Parole Bd., 55 N.J. 113, 116 (1969), cert. den. 398 U.S. 938, 90 S.Ct. 1841, 26 L.Ed.2d 270 (1970), to the effect that the decisions to date generally hold no such right to counsel exists in parole revocation proceedings, we hold that there is no constitutional requirement to provide a parolee with counsel during a parole revocation proceeding. See Bearden v. State of South Carolina, 443 F.2d 1090, 1093 (4 Cir.1971); Hyser v. Reed, 115 U.S. App. D.C. 254, 318 F.2d 225, 238 (1963), cert. den. Thompson v. United States Bd. of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963) and Baxter v. Commonwealth, 1971 Mass. Adv. Sh. 487, 268 N.E.2d 670, 674-675 (Sup. Jud. Ct. 1971).
We turn next to appellant's second point. In State v. Lavelle, 54 N.J. 315 (1969), the New Jersey Supreme Court stated:
Ordinarily the grant or denial of parole is a matter which rests in the discretion of the parole authority. It is not a judicial function * * * Courts must give great weight to the expertise of the Board in dealing with parole decisions. They should not intervene unless it clearly and convincingly appears that the Board abused its discretion. (at 322 and 325) *203 Although Lavelle concerned the decision to grant parole, we believe a similar test applies in the judicial review of parole revocation decisions. We find no abuse of discretion in the decision of the Board to revoke defendant's parole where the offense evidencing his failure to refrain from anti-social conduct was admitted by defendant.
Defendant's points 3 and 4 involve matters which are not properly before us for judicial review.
Affirmed.