**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2427-14T3

ALMEEN PALMER,

    Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

    Respondent.

_____

        Submitted September 13, 2016 – Decided August 28, 2017

        Before Judges Fasciale and Sapp-Peterson.

        On appeal from the New Jersey State Parole
        Board.

        Almeen Palmer, appellant pro se.

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Lisa A. Puglisi,
        Assistant Attorney General, of counsel;
        Gregory R. Bueno, Deputy Attorney General, on
        the brief).

PER CURIAM

Almeen Palmer is an inmate currently incarcerated at South Woods State Prison. He appeals from a December 17, 2014 determination of the New Jersey State Parole Board (Board), denying his appeal from the decision of a two-member Board Panel, which denied parole and referred the case to a three-member Board Panel for the establishment of a future parole eligibility term (FET), and from the decision of a three-member Board Panel, which established a one-hundred and twenty-month (120) FET, in accordance with N.J.A.C. 10A:71-3.21(a). The full Board reviewed the matter and affirmed the denial of parole and establishment of an FET of 120-months.

In June 2007, a State Grand Jury indicted Palmer for racketeering, N.J.S.A. 2C:41-2 (count one); knowingly committing murder, N.J.S.A. 2C:11-3(a)(2) (count four); second-degree conspiracy to possess, manufacture, distribute a controlled dangerous substance, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-5(a)(1) (count six); three counts of first-degree purposeful murder, N.J.S.A. 2C:11-3(a)(1) (counts ten, eleven and twelve); first-degree kidnapping by holding, N.J.S.A. 2C:13-1(b) (count fifteen); second-degree burglary, N.J.S.A. 2C:18-2 (count sixteen); second-degree possession of a weapon (firearms) for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count seventeen); third-degree possession of a weapon (firearms) for an unlawful purpose, N.J.S.A. 2C:39-4(a)

(count eighteen); third-degree hindering of own prosecution, N.J.S.A. 2C:29-3(b) (count nineteen); third-degree selling, transferring a gun to a minor, N.J.S.A. 2C:39-10(e) (count twenty-two); fourth-degree soliciting and recruiting to join a street gang, N.J.S.A. 2C:33-28(a) (count thirty-one); third-degree hindering the prosecution of another, N.J.S.A. 2C:29-3(a) (count thirty-eight); two counts of third-degree possessing, manufacturing, or distributing a controlled dangerous substance, N.J.S.A. 2C:35-5(a)(1) (counts fifty and fifty-one); second-degree employing a juvenile to distribute drugs, N.J.S.A. 2C:35-6 (count fifty-two); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count seventy). In a separate indictment, Palmer was charged with third-degree possession of an electronic communication device while confined, N.J.S.A. 2C:29-10(b), which stemmed from his confinement at the Cumberland County Jail while awaiting disposition of the other charges.

On August 23, 2013, Palmer pled guilty to the racketeering charge. He also pled guilty to possession of an electronic communication device while incarcerated. On October 11, 2013, the court imposed a fifteen-year custodial sentence for the racketeering charge and a three-year custodial sentence for the possession of an electronic communication device charge, which runs concurrent to the racketeering charge. In addition to these

3

two convictions, Palmer's prior record consists of two indictable assault-related offenses for assault-related offenses and two disorderly persons offenses. As a juvenile, Palmer was adjudicated a delinquent twenty-five times and violated juvenile parole on sixteen separate occasions.

He first became eligible for parole on October 11, 2013. A two-member Board Panel denied parole. The reasons for the denial included Palmer's prior criminal record, the nature of the offenses for which he has been convicted, his previously unsuccessful periods on parole, the fact that prior incarcerations have not deterred him from engaging in further criminal activity, and numerous institutional infractions while incarcerated. The only mitigating factors cited were his participation in institutional programs and attempts to enroll in programs. The matter was referred to a three-member Board Panel.

The three-member Board Panel considered the matter and concurred with the two-member Board Panel's findings. It issued a decision establishing a 120-month FET. Relying upon the findings reached by the two-member Board Panel, the three-member Board Panel found that there was a reasonable expectation that Palmer would violate the conditions of parole if released. Palmer filed an administrative appeal to the full Board, which affirmed the

denial of parole and the establishment of the 120-month FET. The present appeal followed.

On appeal Palmer contends the Board violated his due process rights by imposing an FET that was excessive. He additionally argues that the Board's decision was contrary to its policy or procedure, and violated his rights under the New Jersey Constitution.

We reject Palmer's claims in their entirety. We affirm substantially for the reasons expressed by the Board in its December 17, 2014 written decision. We add the following comments.

Our scope of review is very limited. Administrative decisions of the Board are "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200 (2001) (Baime, J.A.D., temporarily assigned, dissenting) (Trantino V). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Id. at 201 (alteration in original) (Baime, J.A.D., temporarily assigned, dissenting) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)). The Board has broad, but not unlimited, discretionary power. Monks v. N.J. State Parole Bd., 58 N.J. 238, 242 (1971).

In our review, we do not disturb the factual findings of the Board if they "could reasonably have been reached on sufficient credible evidence in the record." Trantino V, supra, 166 N.J. at 172 (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) (Trantino IV)). See also McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). Further, we remain mindful that "[t]o a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Trantino V, supra, 166 N.J. at 201 (Baime, J.A.D., temporarily assigned, dissenting) (citation omitted).

We will not second-guess the Board's application of its considerable expertise unless we find the decision was arbitrary and capricious. Ibid. The burden is on the appellant to prove the Board acted unreasonably. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993), certif. denied, 135 N.J. 469 (1994).

Parole reviews are guided by N.J.S.A. 30:4-123.53(a), which states that "[a]n adult inmate shall be released on parole at the time of eligibility, unless" the statutorily required report or information disclosed during the parole hearing "indicates by a preponderance of the evidence that the inmate has failed to cooperate in his [] own rehabilitation or that there is a

reasonable expectation that the inmate will violate conditions of parole[,] if released on parole at that time."  Further guidance is found in the New Jersey Administrative Code, which provides:

> (a) Parole decisions shall be based on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any persons or agencies which have knowledge of the inmate.
>
> (b) The . . . Board . . . may consider any other factors deemed relevant[.]
>
> [N.J.A.C. 10A:71-3.11.]

Consequently, a decision to grant parole release is multi-faceted, and reflects consideration of various factors, some of which are objectively verifiable, along with a discretionary assessment of the inmate's likely future behavior based upon the Board's experience.  See Greenholtz, supra, 442 U.S. at 9-10, 99 S. Ct. at 2105, 60 L. Ed. 2d at 677; Puchalski v. N.J. State Parole Bd., 104 N.J. Super. 294, 299-300 (App. Div.), aff'd, 55 N.J. 113 (1969), cert. denied, 398 U.S. 938, 90 S. Ct. 1841, 26 L. Ed. 2d 270 (1970).

"Common sense dictates that [the Board's] prediction as to future conduct and its opinion as to compatibility with the public welfare be grounded on due consideration of the aggregate of all the factors which may have pertinence."  Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 360), cert. denied, 63 N.J. 583 (1973).

Other appropriate factors the Board considers include: (1) the nature and pattern of previous convictions; (2) adjustment to previous probation, parole, and incarceration; (3) aggravating and mitigating factors surrounding the offense; (4) parole plans and the investigation thereof; and (5) evidence presented by the appropriate prosecutor's office. N.J.A.C. 10A:71-3.11(b). Thus, we review Palmer's claims under these well-established standards.

The Board's conclusion that Palmer has been unable to identify the "root causes" of his extensive criminal behavior, has "failed to develop adequate and appropriate insight in recognizing issues" influencing his continued criminal behavior, and his previous failed attempts at parole are supported by substantial credible evidence in the record. We reject defendant's challenge to the evidence the Board considered in reaching its determination that he is likely to violate conditions of parole. N.J.S.A. 30:4-123.53(a). The Board's decision reflects the reasoned exercise of its broad discretion. Monks, supra, 58 N.J. at 242.

We find no merit to Palmer's procedural challenges to the agency's decision. While he is correct that N.J.A.C. 10A:71-3.17(b) requires the Board to provide an inmate with a hearing at least thirty days in advance of an inmate's actual parole eligibility date, Palmer's parole eligibility date coincided with his sentencing date. This is because at the time of sentencing,

Palmer had earned 2,635 jail credits, making him eligible for parole immediately upon sentencing. However, until sentenced, his eligibility for parole was not triggered.

Equally without merit is Palmer's contention that his disciplinary infractions committed while housed at the Cumberland County Jail should not have been a factor in the parole decision. N.J.A.C. 10A:71-3.11(b) requires consideration of an inmate's "[c]ommission of an offense while incarcerated." Palmer's reliance upon Bryan v. Dep't of Corrs., 258 N.J. Super. 546 (App. Div. 1992), is misplaced. There the inmate was disciplined by the Department of Corrections for infractions he committed while he was an inmate at a county jail. He argued that he was not subject to state regulations while housed at a county jail. Id. at 548. We found that he could be disciplined, but remanded for a determination whether he received notice of the sanctions for the infractions that he previously committed. Id. at 552.

Here, no sanctions have been imposed. The only notice to which Palmer was entitled is notice of his parole eligibility. See N.J.A.C. 10A:71-3.6. The factors that must be considered in a parole decision are published regulations contained in the New Jersey Administrative Code. N.J.A.C. 10A:71-3.1 to -3.56. These regulations are not hidden, and every inmate, including Palmer, is presumed to know the parole regulations. See State v. Moran

202 N.J. 311, 320-21 (2010) (rejecting the defendant's claim that she was not on fair notice of the sentencing penalties for reckless driving and stating that "[i]gnorance of a sentencing provision that is published in the codified laws of this State . . . is not a defense.  Every person is presumed to know the law.").

The remaining arguments advanced are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION